### ALBERT C. WAKEMAN v. JOHN M. BARROWS.

*Voluntary assignee cannot attack his assignor's chattel mortgage.*

Creditors can attack a chattel mortgage made by their debtor only in proceedings brought to enforce their claim.

A voluntary assignee for the benefit of creditors has no greater title than his assignor to the latter's property, and cannot question the validity of a recorded mortgage made by him, by suing him in replevin for chattels covered by the mortgage. It would be different with an assignee in bankruptcy or an involuntary assignee.

Error to Genesee. Submitted June 20. Decided July 2.

REPLEVIN. Defendant brings error.

*J. L. Topping* and *Aug. C. Baldwin* for plaintiff in error. A voluntary assignee for the benefit of creditors is not a purchaser for a valuable consideration, but a mere trustee, *Pierson v. Manning*, 2 Mich., 445; Burrill on Assignments, 484; and in replevin for property belonging to the assignor, represents him, *Colwell v. Keystone Iron Co.*, 36 Mich., 51; *Van Heusen v. Radcliff*, 17 N. Y., 580; *Haggarty v. Palmer*, 6 Johns. Ch., 37; *Slade*

*v. Van Vechten,* 11 Paige, 21; a creditor cannot attack a mortgage of chattels as fraudulent unless he is a judgment or attaching creditor, Thomas on Mortgages, 489; *Rinchey v. Stryker,* 26 How. Pr., 75; *Frost v. Mott,* 34 N. Y., 253; *Belmont v. Lane,* 22 How. Pr., 365; *Kelly v. Breusing,* 33 Barb., 123; an assignment for the benefit of creditors does not carry to the assignee the title to property previously transferred even in fraud of creditors, *Jones v. Yates,* 9 B. & C., 532; *Estabrook v. Messersmith,* 18 Wis., 546; *Leach v. Kelsey,* 7 Barb., 466.

*William Newton* for defendant in error. The assignee of an insolvent debtor does not represent him but his creditors, and when he accepts the trust must pursue every legal remedy necessary to secure the assets for the benefit of the creditors, *Kansas City Mfg. Co.,* 9 N. B. R., 76; Bump's Bankruptcy, 497; *Graydon v. Church,* 7 Mich., 54; transactions by or with debtors, which are void as to creditors for fraud, incompleteness or any other cause, are equally void as against the assignee, *Kane v. Rice,* 10 N. B. R., 469; if an assignee represents the creditors as their trustee, he can question a mortgage made by his assignor for fraud, *Bayard v. Hoffman,* 4 Johns. Ch., 450; *Pierce v. Hill,* 35 Mich., 197; *Burrows v. Keays,* 37 Mich., 434.

MARSTON, J. Barrows, claiming title as assignee of Wright & Wakeman, for the benefit of their creditors, brought replevin for certain goods held by Wakeman under a chattel mortgage given by the assignors, and turned out by them to the representative of the mortgagee the day previous to the assignment. The assignment described the mortgaged goods and added that they were "under conditional chattel mortgage to A. Wakeman, deceased, and now in their possession."

It is wholly unnecessary to discuss the various questions raised in reference to the validity and filing of this mortgage. There is one objection fatal to the plaintiff's

right to maintain the action. He was the voluntary assignee of the mortgagors, and took the property subject to the mortgage. His title to the goods and right to maintain this action could not be superior to that of his assignors. He did not represent their creditors in such a manner as to entitle him to attack the mortgage. Creditors could question the validity of the mortgage only in proceedings brought to enforce their claims.

An assignee under the bankrupt law or an involuntary assignee under a State statute would occupy a different position, and the cases cited by counsel for defendant in error were all of this character. This plaintiff does not represent the creditors, and if he did he is in no position to question the validity of the mortgage. *Voorhies v. Frisbie*, 25 Mich., 476; *Millar v. Babcock*, 29 Mich., 526.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.