WOOD v. SCOTT

1. **Fraud**: PRESUMPTION OF: MORTGAGE. Where a mortgage is given by an insolvent person for more than is due, and the fact of insolvency is known to the mortgagee, such mortgage is a badge of fraud, but is not conclusively presumed to be fraudulent.

*Appeal from Taylor District Court.*

FRIDAY, DECEMBER 10.

ACTION to replevy a stock of goods alleged to be worth $381.54. The plaintiff claims the right of possession by

virtue of two chattel mortgages executed by one Lovett, the owner of the goods. The defendant is the sheriff of Taylor county, and claims the right of possession by virtue of the seizure of the goods upon a writ of attachment against Lovett and in favor of J. H. Merrill & Co. One of the mortgages held by plaintiff was executed to one Ashur, and by Ashur assigned to the plaintiff. No question is raised in regard to the validity of this mortgage, and the attachment being subsequent to the execution of the mortgage the attaching creditors tendered to plaintiff the amount of the mortgage debt, to-wit., $120, which the plaintiff refused to receive. The other mortgage, which was also executed prior to the attachment, the defendant claims is invalid, the invalidity being alleged to consist in the fact that the mortgage was executed to defraud the creditors of Lovett. There was a trial by jury and finding that the plaintiff was entitled to possession only upon the Ashur mortgage, and judgment was rendered accordingly. The plaintiff appeals.

*L. F. McCoun* and *Whiffin & Brown*, for appellant.

*Crum & Flick*, for appellee.

ADAMS, Ch. J.—The mortgage alleged to be invalid by reason of fraud recited a consideration of five hundred dollars, and purported to be given to secure a promissory note of five hundred dollars. The real amount due upon the note at the time it was given was only two hundred and twenty-five dollars. Lovett, at the time of the execution of the note and mortgage, was in failing circumstances, and the evidence tended to show that the plaintiff had knowledge of that fact. The court gave an instruction in these words: "Should you find the facts to be that there was only due and owing the plaintiff the sum of two hundred and twenty-five dollars, and that the consideration named in the mortgage was five hundred dollars—then if you further find that the plaintiff knew that Lovett was pressed for his debts, and was in a bad con-

dition financially, you are instructed that fraud is conclusively shown, so far as the mortgage made by Lovett to Wood is concerned." The giving of this instruction is assigned as error.

The question presented is as to whether, where a mortgage is given by an insolvent person for more than is due, and the fact of insolvency is known to the mortgagee, such mortgage is to be deemed conclusively fraudulent, or only a badge of fraud.

*1. FRAUD: presumption of: mortgage.*

It is manifest that such a mortgage would not necessarily evince a fraudulent intent. In the case at bar the mortgage was given to secure an antecedent debt, the amount of which was not at the time of the giving of the mortgage known, and the means of ascertainment were not then at hand. We infer from the evidence that the mortgage was executed and tendered to the plaintiff without any consultation with him in regard to the amount. He did not receive the mortgage, but directed that it be put upon record, stating at the same time that he would proceed the next day to ascertain how much was due. It does not appear that the plaintiff at any time claimed more than was due, or any lien by virtue of his mortgage for more than was due. Now, while such a transaction is not to be commended, it is evident that there might have been no actual intent upon the part of the plaintiff to defraud the creditors of his mortgagor. It is insisted, however, that as this mortgage had the effect to conceal Lovett's property and hinder his creditors, no honesty of intention upon the part of the plaintiff should prevent a court from holding the mortgage to be fraudulent and void.

Whatever the rule may be in other states, we think that such cannot be held to be the rule in this. *Torbert v. Hayden*, 11 Iowa, 435; *Lyman v. Cessford*, 15 Iowa, 229; *Hughes v. Cory*, 20 Iowa, 399; *Hamilton v. Bishop*, 22 Iowa, 211.

The fact that a mortgage is taken for more than is due, from a person known to be insolvent, would, of course, be a

strong circumstance tending to impeach the mortgage, and if it was known to the mortgagee that he was taking a mortgage for more than was due, and no reasonable explanation was given for so doing, it would be difficult, if not impossible, to resist the conclusion that it was taken with a fraudulent intent.

Where such conclusion could not be resisted the court would probably be justified in directing the jury to find accordingly, but only upon the general ground that the court may direct a verdict when any other verdict should, under the law and evidence, be set aside.

In giving the instruction complained of, we think the court erred.

REVERSED.