MASON v. FRANKLIN ET AL.

1. **Mortgage**: BADGES OF FRAUD: JUDGMENT CREDITOR. In a contest between a creditor and the mortgagee of a party, where it is shown that the mortgagor was indebted to the mortgagee in a considerable amount at the time the mortgage was executed, the fact that the true consideration was not expressed in the mortgage would be, at the most but a badge of fraud, and not conclusive; and the fact that the mortgagor delivered the mortgage for record, if done in good faith, ought not to prejudice the rights of the mortgagee.

*Appeal from Taylor Circuit Court.*

THURSDAY, JUNE 8.

THE plaintiff claims to be the owner of certain property by virtue of a chattel mortgage executed by one Wolcott. The defendant Franklin was a judgment creditor of Wolcott

and caused execution to be levied upon the property. Thereupon plaintiff served upon the sheriff a written notice of his ownership of the property, and the defendants executed to the sheriff an indemnifying bond, which was returned to the court from which the execution issued. This action was brought upon the indemnifying bond to recover the value of the property.

The defendants denied the plaintiff's ownership and among other things set up that the mortgage of the plaintiff was filed for record by the maker thereof, that the mortgage was without consideration, and that it was made with intent to cheat, hinder and defraud the creditors of Wolcott. There was a trial by jury which resulted in a verdict and judgment for the defendants. Plaintiff appeals.

*Whiffin & Brown*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I. The court gave the jury the following among other instructions;

1. MORTGAGE: "4. If the jury find from the evidence that the badges of fraud: mortgage in question was executed by Wolcott in judgment creditor. order to delay and hinder or prevent his creditors from collecting claims existing against Wolcott at the time, and the plaintiff, with knowledge of such facts, received the mortgage with intent to aid Wolcott in that purpose, or you find that it was without consideration or the true consideration, was not expressed in the mortgage, then the mortgage would be fraudulent, and would be void as to existing creditors of Wolcott, and you should find for defendant."

There was some controversy on the trial as to the amouut of the consideration for which the mortgage was given. That Wolcott at the time was indebted to the plaintiff in a considerable amount cannot be questioned under the evidence. This being the state of the proof the jury were explicitly told in this instruction that if "the true consideration was not ex-

pressed in the mortgage," they should find for the defendant.

This was clearly erroneous. A variance between the true consideration and that expressed in the instrument is at most but a badge of fraud, proper to be submitted to the consideration of the jury, as a fact bearing upon the question of fraud. See *Wood v. Scott*, 55 Iowa, 114.

II.   The court further instructed the jury as follows:

"6   The fact that Wolcott, the mortgagor, delivered the same to the recorder for the purpose of having it recorded may be a circumstance tending to show fraud in the transaction, but that fact alone would not, as a matter of law, render the mortgage fraudulent."

This instruction was not proper to be given in this case. The evidence showed without conflict that Wolcott executed the mortgage and delivered it to the plaintiff, and that afterwards the plaintiff procured Wolcott to file it for record.   If this was done in good faith, the fact that Wolcott delivered it to the recorder should not prejudice the rights of the plaintiff.   If it was thought proper to give any instruction on this feature of this case it should have been qualified by reference to the undisputed facts attending the filing of the instrument for record.   There are other alleged errors in the case.   As the judgment must be reversed for those above discussed and as we have no argument for appellee, it is perhaps better that we leave the case here

REVERSED.