CHARLES A. WILSON, Assignee, vs. RANDALL ESTEN et als.

A. executed a mortgage to B. of certain personalty. The mortgage was made and received in good faith. The mortgagee never recorded the mortgage nor took ·possession of the property, but there was no collusion between the parties nor design to give the mortgagor a fictitious credit. A. subsequently made an assignment " of all his estate and property " for the benefit of his creditors.

On a bill of interpleader brought by the assignee :

*Held,* that the mortgagee was entitled to the proceeds of the mortgaged property.

*Held,* further, that the creditors were entitled only under the assignment, and that the assignee succeeded only to the rights of the assignor.

*Held,* further, that Pub. Stat. R. I. cap. 176, § 9, which provides that " no mortgage of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the said mortgage be recorded," must be construed in accordance with the above holding.

BILL OF INTERPLEADER. The facts involved are stated in the opinion of the court.

*Thomas A. Jenckes,* for complainant.

*William H. Greene,* for respondent Randall Esten.

*Dexter B. Potter & Lemuel H. Foster,* for the other respondents, general creditors of Alfred A. Esten. All of these debts were contracted, and the credits were given, while the mortgagee withheld his incumbrance from the records. The withholding is a badge of fraud. Bump on Fraudulent Conveyances, 2d ed., 38, 39; *Shipman* v. *Seymour,* 40 Mich. 274. Our statute says that no chattel mortgage " shall be valid " unless possession be given or the mortgage recorded, that is, shall be void except as between the parties thereto. The assignee takes the property subject to all the equities, but there are no equities as against creditors in such a case as this. Some of the cases hold that the assignee himself cannot attack the mortgage for want of recording, and some of the cases make a distinction between a solvent and an insolvent estate where a judgment is a lien. But all the cases hold that an unrecorded chattel mortgage is *void* as against creditors of an insolvent estate in the hands of a voluntary assignee, especially in equity. *Bingham* v. *Jordan et al.* 1 Allen, 373; *Putnam* v. *Reynolds et al.* 44 Mich. 113; *Currie* v. *Knight,* 34 N. J. Eq. 485; *Lockwood* v. *Slevin,* 26 Ind. 124; *Hanes* v. *Tiffany,* 25 Ohio St. 549. We have not the same *statute,* as to what an assignee shall

take, as that quoted in *Bingham* v. *Jordan et al., supra,* but our law as to recording is exactly the same, and this case says the assignee is not a "party," and all of the cases say that an unrecorded mortgage is void in such cases as the one at bar, and therefore the assignee takes in this case free of any mortgage. Without the statute the assignee takes as fully in Rhode Island as in Massachusetts *with* the statute. Even *actual notice* does not save an unrecorded mortgage. The recording, or possession taken, is a condition precedent to a valid holding. *Denny* v. *Lincoln,* 13 Met. 200; *Travis* v. *Bishop,* 13 Met. 304; *Rich* v. *Roberts,* 48 Me. 548; *Sheldon* v. *Conner,* 48 Me. 584; *Robinson* v. *Willoughby,* 70 N. C. 358; *Bevans* v. *Bolton,* 31 Mo. 437; *Smith* v. *Moore,* 11 N. H. 55; *Hill* v. *Gilman,* 39 N. H. 88; *Chenyworth* v. *Daily,* 7 Ind. 284. The mortgage being *void* the mortgagee has no standing in court, and the creditors will be preferred to him.

*January* 24, 1885. DURFEE, C. J. The object of this suit is to have the court decide to whom a sum of $907.29, now in the registry of the court, belongs. The money was derived from certain goods, fixtures, &c., sold by the plaintiff, as assignee of Alfred A. Esten, under a voluntary assignment executed by said Alfred for the benefit of his creditors, January 14, 1884. It is claimed, not only by the general creditors, but also by Randall Esten, the father of said Alfred, under a mortgage given to him by Alfred, May 5, 1883. The mortgage was given to secure a note for $3,000, money lent by Randall to Alfred to start him in business. We see no reason to doubt that the mortgage was originally given in good faith. The mortgagee, however, did not take possession, and the mortgage was not recorded. The general creditors claim that the neglect to have it recorded has operated as a fraud upon them, because, in consequence of the neglect, they have given credit to Alfred, which otherwise they would not have given, and they therefore contend that, notwithstanding the mortgage, they are entitled to the fund. The allegation on this point in their answer is as follows, to wit:

" And these defendants, further answering, say that said supposed mortgage deed was not recorded as by law required in the office of the recorder of deeds in the city of Providence, State of Rhode Island, where the said Alfred A. Esten resided, and where also the

property was at the time of the making of said supposed mort-
gage; that had said Randall B. Esten taken and retained posses-
sion of said property, or if said mortgage deed had been recorded
as by law required, the knowledge of the existence thereof would
have come to these defendants, and they would not any longer have
given credit to said Alfred A. Esten, and the debts contracted with
these defendants since the time of the making of said supposed
mortgage, and which are the larger parts of said debts, would not
have been contracted nor outstanding, and the conduct of said
Randall Esten in the premises has been and become a fraud upon
these defendants; and these defendants had no notice of any
mortgage, either implied or in fact, until after the time of said as-
signment."

It will be seen that the answer does not charge that the mort-
gage was left unrecorded in consequence of any collusion between
the mortgagee and the mortgagor, nor of any design to enable the
mortgagor to obtain a fictitious credit on the faith that the prop-
erty covered by the mortgage was unincumbered. And the testi-
mony adduced at the hearing did not show the existence of any
such collusion or design. The testimony was that the mortgagee
was a farmer, residing in Attleborough, Massachusetts; that he
lent the money to his son in Providence on the understanding that
he was to have the mortgage, but went home before it was pre-
pared, and that it was sent to him two or three days later by mail,
and that he had simply kept it without bringing it back for rec-
ord. We do not think that in these circumstances the lien of the
mortgage can be held to have been lost by the omission to record,
whatever might have been the result if it were shown that the
omission was collusive or fraudulent.

The creditors contend that they are entitled to the fund, because
the mortgage being unrecorded is valid only between the parties
to it. The creditors, however, show no right to the fund which
they can enforce in this case, unless they are entitled to it under
the assignment; and the question, therefore, is whether the as-
signee, as trustee for them, has acquired a right which is superior
to the mortgage, or has simply succeeded to the right of his as-
signor which is subject to it. There can be no doubt that, ordi-
narily, where there is no statute to add to the effect of the assign-

ment, a voluntary assignee succeeds simply to the right of the assignor. The cases to this effect are numerous, and have always been regarded as law by this court. *Williams* v. *Winsor*, 12 R. I. 9 ; *Gardner* v. *Commercial National Bank*, 13 R. I. 155, 173 ; *Bridgford* v. *Barbour*, 80 Ky. 527 ; *Housel* v. *Cremer*, 13 Neb. 298 ; *Heinrichs* v. *Woods*, 7 Mo. App. 236. The statute, Pub. Stat. R. I. cap. 237, § 15, alters the law to some extent, but not so as to affect this case. If the fund belongs to the creditors, it belongs to them under Pub. Stat. R. I. cap. 176, § 9, which declares that " no mortgage of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the said mortgage be recorded," &c. Under this provision, taken literally, the mortgagee can have no claim under the mortgage against any person but the mortgagor. The statute, however, must receive a reasonable construction. We do not suppose anybody would seriously assert that the mortgage, because unrecorded, would be invalid against a mere donee. In *Pratt* v. *Harlow*, 16 Gray, 379, it was held, under a statute like ours, that the mortgagee could maintain trover against a mere stranger or intruder tortiously converting the mortgaged chattel. But how, after demand, is the assignee, if he simply succeeds to the right of the mortgagor, in any better position ? In this case we should be very glad to yield to the authority of some of the cases cited for the creditors, if we could consistently ; but we have reluctantly come to the conclusion that the mortgage is good as against the assignee, the assignee having no better right than the assignor. *Hawks* v. *Pritslaff*, 51 Wisc. 160 ; *Wakeman* v. *Barrows*, 41 Mich. 363. If the assignment were made subject to the mortgage, no one would say that the assignee could hold against the mortgage. As we construe it, it is in legal effect made subject to the mortgage. Indeed, the assignment purports to be only an assignment of " all my estate and property," &c., in general terms. It does not specifically convey the assignor's stock in trade. It may be doubted even whether an assignee for value under such an assignment would not take subject to the mortgage. *Adams* v. *Cuddy*, 13 Pick. 460 ; *Chaffin* v. *Chaffin*, 4 Gray, 280 ; *Cook* v. *Farrington*, 10 Gray, 70 ; *Jamaica Pond Aqueduct Corp.* v. *Chandler*, 9 Allen, 159.

We conclude, therefore, that the mortgagee must have the fund, but, considering that his neglect has been the cause of the difficulty, let it be without costs from the creditors and subject to the further costs of the case.                                *Decree accordingly.*