THE KNOXVILLE NAT. BANK ET AL. v. HANIRICK, ASSIGNEE.

1. **Assignment for Benefit of Creditors:** QUESTIONS OF PRIORITY AMONG CREDITORS: JURISDICTION OF STATE AND FEDERAL COURTS. Where an assignment for the benefit of creditors is pending in a state court, and there has been no distribution of assets, an original and independent action in equity may be brought in the same court, (*Wurtz v. Hart*, 13 Iowa, 515,) or in any other state court having equity jurisdiction, or in the federal courts, to determine the equities and priorities of the creditors among themselves, and the decree in such equitable action will be binding upon the court wherein the assignment is pending.

2. **Former Adjudication:** BINDING UPON PRIVIES OF PARTIES. A decree rendered against a mortgagee of chattels, to the effect that the mortgages are void, is binding upon the assignees of the mortgagee, though not parties to the action.

*Appeal from Marion District Court.*

SATURDAY, DECEMBER 12.

J. OPPENHEIMER made an assignment for the benefit of his creditors, and the appellants, having filed claims against the estate, asked an order directing the assignee to pay such claims. The relief asked was denied, and plaintiffs appeal.

*Ayres Bros.*, for appellants.

*J. Gamble*, for appellee.

SEEVERS, J.—The material facts are that J. Oppenheimer executed his promissory notes, payable to the plaintiffs, and the same were signed by O. B. Ayres, as surety. At the same time the notes were executed Oppenheimer gave Ayres

chattel mortgages on a stock of goods, wares and merchan-
dise, to indemnify him. The condition of the mortgages is
that, if the notes which Ayres had signed as surety were paid,
the mortgages were to be void. Afterwards, Oppenheimer
assigned the mortgaged property to the defendant for the ben-
efit of his creditors. The plaintiffs filed claims against the
estate as provided by law. No objections were made thereto,
and, ordinarily, the plaintiffs would have been entitled to a
*pro rata* share of the assets in the hands of the assignee.
The plaintiffs did not ask such an order, but did ask that their
claims be paid in full, on the ground that Ayres had the prior
lien on the assigned property under the mortgages, the ben-
efit of which the plaintiffs claim. This order was insisted on
by the appellee in a pleading filed by him, in which he
pleaded that the validity of the mortgages had been adjudi-
cated in an action in the circuit of the United States, to
which Ayres was a party, and that they had been held
invalid. To this pleading the plaintiffs demurred, on the
ground that the federal court had no jurisdiction of the par-
ties or subject-matter, and therefore the adjudication pleaded
was void.

Simon Strauss & Co. were creditors of Oppenheimer at the
time the assignment was made, and filed their claim with the
assignee. No objection was made thereto. On the twenty-
first day of April, 1882, Ayres filed a motion and asked the
court to order the assignee to pay the full amount due the
plaintiffs. On the same day, and as a defense thereto, it was
pleaded that the mortgages given Ayres were fraudulent and
void. Strauss & Co. intervened and asked that the pending
question be transferred to the federal court, on the ground
that they were non-residents of Iowa. On the twenty-first
day of May, 1882, but after Ayres had made the applications
above stated, Strauss & Co. commenced an action against the
assignee, Ayres and others, in which they pleaded that the
mortgages were fraudulent and void, and asked a removal
thereof to the federal court. Afterwards, Strauss & Co. filed

a petition of intervention in the assignment proceeding. The object of these actions commenced by Strauss & Co. was to test the validity of the mortgages given to Ayres. Said actions were transferred to the federal court, and Ayres moved said court to remand the same to the state court, on the ground that the federal court "had no jurisdiction to try and decide the matters involved." This motion was overruled, and afterwards issues were joined in said several actions, and the circuit court of the United States held that the mortgages aforesaid were void, and the judgment of said court is in full force and effect. See 20 Fed. Rep., 553.

I.   Counsel for the appellants contend that under and by virtue of the assignment the state court first obtained juris-

1. ASSIGN-
MENT for
benefit of
creditors:
questions of
priority
among credi-
tors: juris-
diction of
state and fed-
eral courts.

diction of the property or subject-matter of the several actions above referred to, and that such court had therefore the sole jurisdiction and power to determine the several equities of the various creditors who may have filed their claims with the assignee.   It is further claimed that "when a state court has first obtained the custody and control of property, with power and authority to dispose of the same, the federal courts will not and cannot interfere."   For the purposes of this case this last proposition will be conceded. The question, then, to be determined is whether, under the general assignment law, the district court did have such possession and control of the property as to deprive any other court of the power and jurisdiction under the statute to determine the equities or priority of liens of the creditors of the assignor on the property or fund in court.   The general assignment law is contained in sections 2115 to 2128, inclusive, of the Code, and thereunder the assignee has the power, and it is his duty, to take possession of the assigned property, and he is subject to the order and direction of the court. Claims against the estate may be filed, and, if no creditor objects thereto within a specified time, "the court may order

and direct the assignee to make fair and equal dividends among the creditors of the assets in his hands."

It is probably true that the creditors could, by filing proper pleadings in the assignment proceeding prior to the distribution of the assets, have determined the equities and priorities between them, and that such adjudication would be final and conclusive.   But there is nothing in the statute that requires this to be done.   It may be that the correctness of the claims must be determined in the manner indicated by the statute.   But it has been held that an original and independent action in equity may be brought in the same court in which the assignment is filed, for the purpose of determining equities and priorities of the creditors to the fund in court under the assignment.   *Wurtz v. Hart,* 13 Iowa, 515. If such an action can be maintained, we see no reason why a similar action in any state court, other than the one in which the assignment is pending, cannot be maintained.   The court in which the assignment is filed does not obtain the jurisdiction and power to determine the priorities between creditors under the general assignment law, but under the general powers and jurisdiction of the court.   In this respect the statute relating to assignments is different from the recently repealed bankrupt statute of the United States.   If the state courts have original jurisdiction, independent of the statute relating to assignments, it must follow that the federal courts have jurisdiction where one of the parties is a non-resident.

In this case no distribution had been made when Strauss & Co. intervened and commenced their action, and therefore *Perry v. Murray,* 55 Iowa, 416, is clearly distinguishable. We are of the opinion that, as between Strauss & Co. and Ayres, the federal court had jurisdiction, and that its judgments must be regarded between them as a final and conclusive adjudication that the mortgages under which Ayres claims are void.

II.   It is, however, claimed that, if the foregoing proposition is correct, the plaintiffs are not bound by the judgment

2. FORMER adjudication: binding upon privies of parties. of the federal court, because they were not parties to the actions and proceedings in such court. From the statement of facts heretofore made, it will be observed that the plaintiffs claim priority under the Ayres mortgage. Through him they insist that their claims must be paid in full, if there are sufficient assets in the hands of the assignee. But, as the mortgages to Ayres have been held to be invalid, and as the plaintiffs claim through and not independent of him, it necessarily follows that the adjudication of the federal court is binding on and conclusive as such against them.

AFFIRMED.