Schaller, Assignee, v. Wright.

6. ——: malice: inference from deadly weapon.

7. ——: evidence: former quarrel between defendant and deceased.

SCHALLER, ASSIGNEE, v. WRIGHT.

1. **Assignment for Benefit of Creditors:** DEED CARRIES ALL PROPERTY: AID OF CHANCERY AS AGAINST FRAUDULENT CONVEYANCE. A deed of assignment for the benefit of creditors vests in the assignee the title of all the property of the assignor, even though it be not described and specified therein; (Code, § 2117;) and so, where, on the day when the deed of assignment was made, the assignor made a voluntary conveyance to his wife of certain real estate in fraud of his creditors, *held* that such real estate nevertheless passed to the assignee, and that chancery would

| 70 | 667 |
|----|-----|
| 95 | 682 |
| 70 | 667 |
| 109 | 178 |
| f 109 | 181 |
| 70 | 667 |
| 111 | 461 |
| 70 | 667 |
| 125 | 124 |
| 70 | 667 |
| 132 | 112 |

remove the cloud on his title arising from the fraudulent conveyance. The rule which denies the fraudulent grantor the right to recover such property in equity does not apply to his assignee. (See authorities cited in opinion.)

*Appeal from Sac District Court.*

MONDAY, JUNE 14, 1886.

ACTION in chancery to set aside a deed conveying real estate, on the ground that it was executed for the purpose of hindering and defrauding creditors. A demurrer to the petition was overruled, and, the defendant refusing to further plead, a decree was entered granting the relief sought in the petition. Defendant appeals.

*S. M. Elwood* and *W. A. Helsell*, for appellant.

*C. D. Goldsmith*, for appellee.

BECK, J.—I. The petition alleges that John Wright, being insolvent, assigned and conveyed to plaintiff his property, for the benefit of his creditors, and that at the same time the assignment was made Wright conveyed to the defendant, his wife, certain lands, described in the petition, for the consideration of one dollar. It is averred that the conveyance to the wife was made for the purpose of hindering, delaying and defrauding Wright's creditors, and it is shown that the debts of the assignor are largely in excess of the assets, including the property involved in this suit. The petition asks that the deed to defendant be set aside and declared void.

II. The defendant demurred to the petition, and her demurrer was overruled. It cannot be doubted that under the statute the assignee of an insolvent takes and holds the property as a trustee for the benefit of the creditors of the assignor. The deed of assignment vests in the assignee the title of all property of the assignor, even though it be not

·described and specified therein. Code, § 2117. The conveyance to the wife being voluntary, and fraudulent as to creditors, did not pass the title from the debtor beyond their reach. As to them, he is regarded as the owner of the land, the deed to the wife being void for fraud. The statute provides for the assignment of property by insolvents, to the end that it may be appropriated to the payment of debts. It authorizes proceedings to subject the property of debtors to the payment of their debts. As between the creditors and the debtor who fraudulently conveys property to defeat them, he is regarded as holding the title to or an interest in the property conveyed, and it may, for that reason, be made subject to his debts. If he holds no such interest, the law will not permit the creditors to appropriate the property, for it would not suffer the property of another to be taken for his debts. It thus appears that the debtor did hold, as to the creditors, an interest in the property, and that it passed to the assignee. It is said that the assignee takes a derivative title from the debtor, and stands in his shoes. This is correct so far as persons other than creditors are concerned. As we have seen, as to the creditors, the assignee is regarded by law as holding an interest in and the title to the land. This title and interest the assignee took under the assignment, and he can call upon chancery, as he does in this case, to remove the cloud on his title arising from the fraudulent conveyance, and to declare the land subject to the assignment.

III. But it is argued that the husband in this case could not set up the invalidity of the deed against the wife, and that, as between them, it is valid. This is true, and it is said that the assignee stands in the husband's shoes. But the assignee does not stand in the husband's shoes as to his relation with the wife. The shoes of the husband which the assignee wears are other shoes than those which the husband wore with his wife,—they are those in which the creditors are concerned. The assignee does not take the place of the husband

in his relations of fraud with the wife, or even honest obligations, if there be any. He takes the place of the husband as a debtor, all of whose property ought to be honestly devoted to the payment of his debts. While, therefore, the husband could not set aside his deed, and claim the property, the trustee of the creditors, chosen by him, whose action is recognized and controlled by the law,—who is made an instrument by the law for awarding remedies to the creditors, —is not subject to the rules and doctrines to be applied as between the fraudulent grantor and grantee. Of the correctness of these conclusions there can be doubt, and to induce us to adopt a contrary view the cases to the contrary would, indeed, have to be numerous, clear, positively in point, and decided under statutes identical with our own upon this subject. See, in support of our conclusions, *Pillsburg v. Kingon*, 33 N. J. Eq., 287, which forcibly and clearly discusses the question in hand in the light of the decisions. The opinion in that case points out the conflict in the New York cases, or, more properly speaking, that *Bayard v. Hoffman*, 4 Johns. Ch., 450, decided by Chancellor KENT, is regarded as overruled by subsequent decisions. *Estabrook v. Messersmith*, 18 Wis., 545, and *Flower v. Cornish*, 25 Minn., 473, follow the doctrine of the later New York cases. *Wakeman v. Barrows*, 41 Mich., 363, S. C., 2 N. W. Rep., 50, substantially recognizes the same doctrine, but without discussion, or the citation of decisions in its support. Other cases cited by counsel for defendant are not in conflict with our conclusions, and need not be specially mentioned.

In our opinion the district court rightly overruled defendant's demurrer to plaintiff's petition.

AFFIRMED.