NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *vs.* E. S. BROWN, impleaded, etc.

November 29, 1886.

**Foreign Corporations—Actions in United States Courts.**—A foreign corporation, doing business in this state, holding a valid mortgage upon real estate, commenced a suit to foreclose the same in the circuit court of the United States, but discontinued that suit, and commenced an action in our state court for the same purpose. *Held,* that the commencement of the suit in the federal court, although prohibited by the terms of Laws 1885, c. 183, did not affect the right of the corporation to maintain the action in the state court.

The plaintiff brought this action in the district court for Ramsey county, to foreclose a mortgage executed by defendants Helen S. Stone and husband. Defendant Brown, a junior mortgagee, answered, setting up, among other defences, that the plaintiff had, in September, 1885, commenced a suit in the United States circuit court tor Minnesota to foreclose this same mortgage, and had thereby debarred itself from doing business or maintaining suits in *this state.* The plaintiff, in its reply, admitted the bringing of the suit in the United States court, and alleged that the same was so brought by its attorneys without authority and through ignorance of the law and inadvertence, and that the bringing of such suit was never ratified by the plaintiff, and that it was dismissed before this action was begun. Defendant Brown appeals from an order by *Brill,* J., overruling his demurrer to the reply.

*J. N. Castle* and *E. D. Buffington,* for appellant.

*C. E. & A. G. Otis,* for respondent, cited, among other cases, *Insurance Co.* v. *Morse,* 20 Wall. 445; *Doyle* v. *Continental Ins. Co.,* 94 U. S. 535; *Humphrey* v. *Pegues,* 16 Wall. 244.

DICKINSON, J. This action was commenced to foreclose a mortgage executed by the defendants Stone to the plaintiff, in the year 1884. The plaintiff is a foreign corporation, doing business in this state, and under the laws thereof. The defendant Brown is a junior mortgagee. The cause comes here by appeal of Brown from an order overruling his demurrer to the reply of the plaintiff in the action. This brings in question the sufficiency, as a defence, of that part of the answer of the defendant Brown alleging that, subsequent to the enactment of Laws 1885, c. 183, (forbidding foreign corporations doing business in this state from commencing actions in, or removing causes into, the federal courts,) this plaintiff commenced an action in the circuit court of the United States for the foreclosure of this mortgage, which action, as appears by the reply, was discontinued and dismissed prior to the commencement of this action. The appellant contends that the commencement of the action in the federal court was a violation of the provisions of the statute referred to; that thereby, and by force of that statute, the corporation forfeited all right to transact business within this state, and its right to pros-

ecute, in our state court, this action for the foreclosure of the mortgage.

If all be granted that is claimed by the appellant concerning the effect of the commencing of the action in the circuit court, as respects the right of the corporation to further prosecute within this state the business for which it was created, such a violation of the statute had not the effect to bar the corporation from maintaining this action upon the mortgage executed to it at a time when confessedly it had authority to take the same. Whether or not the corporation forfeited the privileges conferred upon it under our laws, it might still seek in our courts the proper legal or equitable remedies in respect to its valid contracts. Any foreign corporation could do the same. There is nothing in the act referred to which can be construed as intended, even if the legislature had such power, to forfeit such vested rights, or to deny a remedy for their enforcement.

Such being our decision upon this point, the case affords no reason for us to go further, and consider other questions to which argument was directed,—such as the constitutionality of the statute; whether, under the peculiar circumstances as to the commencement of the action in the circuit court, the corporation was thereby subjected to the consequences of a violation of the law; whether the plaintiff thereby, and *ipso facto*, forfeited its right to transact business in this state, or subjected itself to liability of such forfeiture. These matters do not concern the parties in this action. They cannot affect the course or result of this litigation.

Order affirmed.