JOHN MEHLHOP, SON & COMPANY v. W. S. ELLSWORTH, *et al.*

| | |
|---|---|
| 95 | 657 |
| 95 | 751 |
| 95 | 657 |
| 104 | 371 |
| 95 | 657 |
| 125 | 124 |
| 95 | 657 |
| 132 | 112 |
| 95 | 657 |
| 138 | 228 |

**General Assignment:** FRAUDULENT CONVEYANCE: RES ADJUDICATA.

1  The giver of a chattel mortgage, which was withheld from record by agreement, became insolvent and made a general assignment. Plaintiff filed his claim with the assignee. Later, the assignee

2  brought action to set aside said mortgage as being in fraud of creditors, in which action he was defeated. *Held*, the decision

3  holding the mortgage to be valid is binding on all creditors who had filed claims with the assignee and no such creditor can maintain a suit to set aside said mortgage as to goods in the possession of the assignee, although Code, 3150 to 3153 permit judgment creditors to maintain equitable proceedings against any person indebted to the judgment debtor. *Goll v. Miller*, 87 Iowa, 426; *Falker v. Linehan*, 88 Iowa, 641, and *Bank v. Hanirick*, 67 Iowa, 583, *distinguished*.

*Appeal from Hardin District Court.*—HON. D. R. HINDMAN, Judge.

SATURDAY, OCTOBER 12, 1895

Suit in equity, by plaintiffs, as judgment creditors of one O. J. Smith, to set aside a certain chattel mortgage executed by Smith to defendant Ellsworth. A demurrer to the answer was overruled, and, plaintiffs refusing to plead further, judgment and decree were rendered dismissing the petition, and plaintiffs appeal. —*Affirmed*.

*Henderson, Hurd, Daniels & Kiesel* for appellants.

*Nagle & Nagle* for appellees.

Deemer, J. Plaintiffs, in their petition, allege in substance that they are judgment creditors of one O. J. Smith for goods and merchandise sold Smith in May and November, 1892; that in April, 1891, Smith executed to defendant Ellsworth a chattel mortgage on his stock of goods, under an agreement that it should be withheld from the records, so that Smith could buy goods on credit; that the mortgage was so withheld from record until May 25, 1892, when it was filed for record; that plaintiffs had no knowledge of the existence of the mortgage, and would not have sold Smith goods on credit had they known of the mortgage; that, immediately upon the filing of the mortgage, defendant Ellsworth, the mortgagee, and one Nagle, his attorney, took possession of the stock, and proceeded to foreclose the mortgage, but afterward surrendered it to one T. W. Williams, to whom Smith had made a general assignment for the benefit of his creditors; that Williams thereafter sold the stock, and defendants claim to be the owners of the proceeds thereof in Williams' hands by virtue of the aforesaid mortgage. The relief asked is that the mortgage be declared void as against plaintiffs' judgment, and that the property be declared subject to the levy of an execution issued thereon. The defendants, after pleading what amounts to a general denial, filed an amendment to their answer, which was in two divisions; the first reciting that in December, 1892, defendant Ellsworth brought an action in the district court of Hardin county against O. J. Smith and F. M. Williams, assignee, to foreclose the mortgage heretofore referred to, and to have the same declared a prior lien upon the stock of goods covered by the deed of assignment to Williams; that in said action the

assignee pleaded that the defendant Ellsworth's mortgage was fraudulent and void, for the reason that it had been fraudulently withheld from record; that after the making of the assignment, and before the commencement of the action against Smith and the assignee, plaintiffs (Mehlhop, Son & Co.) filed their claim, upon which this action is brought, with the assignee under the said assignment, for the purpose of participating therein, and that said property was in the custody of the law at the time the proceedings hereinbefore referred to were had, and still is; that, upon a trial of the issues joined in that case, judgment and decree were rendered in favor of defendant Ellsworth for the amount of his mortgage debt, foreclosing his mortgage, and decreeing the same to be a prior lien upon a portion of the stock of goods, and directing the application of the proceeds arising from the sale of the goods to the payment of the Ellsworth claim.    A copy of the judgment and decree is attached to the petition.    The second division in substance alleges that, prior to the commencement of this action, Williams had taken possession of all of the assignor's (Smith's) property, including the stock of goods in controversy, and plaintiffs had filed with said assignee their claim on which this action is brought, claiming under said assignment, and defendant Ellsworth had brought his action in the Hardin county district court to foreclose his mortgage, as before stated, and procured judgment and decree as set forth in the first division of the amended answer; that under and by virtue of the assignment, the title to said property passed to the assignee, and into the custody of the law, for the benefit of all the creditors; and defendants allege that plaintiffs cannot in this action procure a lien upon the property or the proceeds thereof, or an order applying the same to the payment of their claim, or a judgment against the defendants therefor, nor are plaintiffs

in this action entitled to any relief or to have and maintain this action, nor will a bill in equity lie under the facts for the purposes herein sought; and defendants object to and raise the question of the right of plaintiffs to have or maintain this action, and to the right of a court of equity to try and determine the case.    To these two divisions above quoted, plaintiffs filed a demurrer, upon three grounds: (1) That the facts stated do not constitute a defense; (2) that the suit referred to therein was not one in which plaintiffs were parties and privies, and that the adjudication therein made is not binding upon them; (3) that the matters therein referred to can in no way affect plaintiffs' right to maintain this action, because the rights sought to be established are not against Smith or his assignee, but are rights against defendants, in which neither Smith nor Williams have any interest, and are rights which are peculiar to these plaintiffs.    The court overruled this demurrer, and the appeal is from this ruling.    In our consideration of the case, we will not follow the points made in argument by counsel for either side in the order in which they appear in the printed briefs, but will content ourselves with restating the controlling points as we gather them from the pleadings, and applying the law thereto.

It appears that in April, 1891, Smith made a mortgage to Ellsworth covering his stock of goods.    This mortgage was, by agreement of the parties, withheld from the records until November 25, 1892.    In the meantime, plaintiffs had sold Smith goods to the amount of over four hundred dollars.    Some time before December first of the year of 1892, Smith made a general assignment for the benefit of his creditors to F. M. Wiliams, assignee.    Plaintiffs filed their claim with the assignee for the purpose of participating in the assignment.    Thereafter defendant Ellsworth brought suit against Smith and the assignee to foreclose his mortgage, and have the

same declared a prior lien upon the goods. To this action the assignee appeared, and pleaded that the mortgage was fraudulent and void as to him, and as to the creditors of Smith, for the reason that the same had been fraudulently withheld from the records. To this answer Ellsworth interposed an equitable demurrer, that the facts stated did not entitle Williams to the relief demanded, and, further, "that the assignee takes the property as assignee, holds it subject to plaintiff Ellsworth's claim, and cannot plead the defense now set up." This demurrer was sustained, and Williams electing to stand thereon, decree and judgment was rendered for Ellsworth as prayed. Plaintiffs then commenced this action, which they claim is authorized under sections 3150-3153 of the Code, which provide for equitable proceedings, in favor of judgment creditors, against any person indebted to defendant, or holding any property or money belonging to him, for the purpose of subjecting such property to the payment of their claims.

It will be seen from this statement of the facts appearing on the face of the pleadings that the property which the plaintiffs seek to subject by this suit was at the time of the commencement of the action in the possession of an assignee for the benefit of creditors, and that plaintiffs had become parties to the assignment by filing their claim with the assignee. As the property was already *in custodia legis,* plaintiffs cannot maintain their suit, which, if properly instituted, creates a lien upon the goods in the possession of the assignee, and which may operate to divest the assignee of the possession thereof. This proposition is definitely and finally settled in the case of *Shoe Co. v. Mercer,* 84 Iowa, 537 (51 N. W. Rep. 415). Plaintiffs have ample protection against the claim of Ellsworth, under section 2124 of the Code, which permits them to contest

every claim filed. They cannot be allowed by these equitable proceedings to gain the advantage of being declared preferred claimants, by showing that some of the claims are fraudulent. One of the controlling features in the case is the fact that plaintiffs filed their claim with the assignee, and thus recognized the validity of the assignment. It also appears from the pleadings that all of the unsecured creditors of Smith stand in the same position,—that is, of having sold him goods in ignorance of Ellsworth's mortgage; and they are each entitled to the same rights as the others. To allow plaintiffs to pursue the remedy adopted in this case would give them an unfair and unjust advantage, not contemplated by our general assignment laws.

II.   The first division of the amended answer is a plea of *res adjudicata*. Appellant's counsel contend that the decree of the district court in the case of *Ellsworth v. Williams and Smith* is not binding upon the plaintiffs herein, for the reason that they were not parties or privies thereto, because the issues were not the same, in this: that the assignee could not plead the fraudulent agreement to withhold the mortgage from the record in that case, because the *cestuti que* trust (plaintiff) was a necessary party. It is said that as the assignee takes only such title as the assignor had, and as a conveyance or incumbrance made by the assignor, even if in fraud of creditors, is good as to all the world except these creditors, that the assignee could not resist the Ellsworth mortgage on the ground of fraud. It is admitted that there is a decided conflict in the authorities upon this proposition. But we think the question is settled in this state in the case of *Schaller v. Wright*, 70 Iowa, 667 (28 N. W. Rep. 460), wherein it is held that the assignee for the benefit of creditors may maintain an action to set aside a fraudulent conveyance made by his grantor before the execution of the deed of assignment. To the objection that

the issues may not be the same in the two cases it is sufficient to say that the record affirmatively shows that they are identical in these. From the answer interposed by the assignee, Williams, to the Ellsworth suit, it appears that the creditors of Smith all sold their goods to him after the execution of the Ellsworth mortgage, and before the same was placed upon record, and the assignee pleaded the fraudulent agreement to withhold the mortgage from record on behalf of each and all the creditors who had filed their claims with him, including the plaintiffs, for they all stood in the same position. The assignee failed in his defense, and we think, in view of the condition of the record, that the decree rendered in that suit is an adjudication binding upon the parties in this. Williams, the assignee, represented all the creditors who recognized the assignment, and could, as we have seen, interpose the defense of fraud as against any one claiming to hold by conveyance or mortgage from his assignor. What the rule would be if the assignee could not have made this defense for all the creditors by reason of some of them having become such after the recording of the mortgage, or who at all times had actual notice of the mortgage, we will not at this time undertake to determine. The cases of *Goll & Frank Co. v. Miller*, 87 Iowa, 426 (54 N. W. Rep. 433), and *Falker v. Linehan*, 88 Iowa, 641 (75 N. W. Rep. 503), in no manner conflict with the rule adopted in this case. This is not an action against the assignee to determine the rights and priorities of creditors, as was the case of *Bank v. Hanirick*, 67 Iowa, 583 (25 N. W. Rep. 816), but is an action against one creditor, to which the assignee is not made a party, in which plaintiffs seek to obtain a preference over other creditors, who stand on an equality with them.

Appellees contend that plaintiffs are not entitled to the relief demanded because the assignee was not made a party to the suit. We do not think the question

is properly presented by the pleadings, and therefore do not consider it, except as it arises incidentally in our previous discussion of the case.

The district court correctly overruled plaintiffs' demurrer, and the judgment is *affirmed.*