## CHARLES N. DOHS v. ROBERT C. HOLBERT.[1]

February 7, 1908.

Nos. 15,420—(107).

**Judgment.**

A judgment in favor of the defendant in an action brought by a receiver appointed in supplementary proceedings is binding and conclusive upon the creditor at whose instance and for whose benefit the receiver was appointed.

**Res Judicata.**

In an action brought by such a receiver to have a transfer of a policy of insurance set aside as in fraud of creditors, it was held that the plaintiff was not entitled to the relief sought. Subsequently the creditor instigated contempt proceedings against the execution debtor, and sought to have him punished for transferring the insurance policy in question in violation of the order of the court, then in force, forbidding the transfer of any of the debtor's property not exempt from execution. The court dismissed the contempt proceedings on the ground that it had been already judicially determined, in an action to which the creditor was in legal effect a party, that the policy had not been transferred in fraud of creditors and that the transfer should not be set aside. *Held*, that the contempt proceedings were properly dismissed.

Proceedings in the district court for Ramsey county against Robert C. Holbert for contempt. From an order, Olin B. Lewis, J., dismissing the proceedings, plaintiff appealed. Affirmed.

*S. C. Olmsted* and *B. H. Schriber,* for appellant.

*C. D. & R. D. O'Brien* and *E. W. Williams,* for respondent.

ELLIOTT, J.

This is an appeal from an order dismissing certain contempt proceedings. Without reference to the question whether the order is appealable, we proceed to determine the case upon the merits.

On September 20, 1905, the appellant, Charles N. Dohs, recovered a judgment in the district court of Ramsey county against Robert C. Holbert and another, for the sum of $1,654.61. An execution was duly issued thereon and returned unsatisfied. Thereafter, on Novem-

[1] Reported in 114 N. W. 961.

ber 20, 1905, an order in proceedings supplementary to execution was made and served upon Holbert. By the terms of this order the judgment debtor was enjoined, forbidden, and prohibited from making any transfer or other disposition of his property not exempt from execution and from in any way interfering therewith. When the order was made and served on Holbert, he was the owner of a life insurance policy issued by the Equitable Life Assurance Society, by the terms of which the society agreed to pay to the executors, administrators, or assigns of said Holbert, upon his death, the sum of $2,000. The policy had a cash value of $270. After the service of the order in supplementary proceedings, and while the same was in full force, Holbert assigned his policy to his wife, Mary C. Holbert, and thereafter she borrowed from the society the sum of $270 on the policy, which was then assigned to the company as security for such loan. On March 13, 1907, the judgment creditor, Dohs, made an affidavit setting forth the foregoing facts and applied for an order of the district court requiring Holbert to appear, answer, and show cause why he should not be punished for contempt. The order was duly made and served, and on March 16 the judgment creditor appeared and showed to the court that theretofore in the supplementary proceedings one L. A. Straight had been appointed receiver of his property at the instance of the judgment creditor, Dohs; that on February 14, 1906, Straight, as such receiver, had commenced an action against Mary C. Holbert to set aside the transfer of the policy in question and to have the policy transferred and assigned to him in satisfaction of his judgment; that a demurrer was interposed to the complaint in such action, and that after hearing thereon judgment was entered sustaining the demurrer; that no amendment had been made to the complaint, and no appeal taken from the order sustaining the demurrer. It further appeared that on September 21, 1906, Straight, as such receiver, commenced a second action in the same court against Mary C. Holbert and the Equitable Life Assurance Society to set aside the assignment of the policy to her, and that the action was, on March 13, 1907, submitted to the court, and was undetermined at the time of the institution of the contempt proceedings. The two actions were identical, except that the latter was lim-

ited to the one policy, while the former action included that policy with certain others. While the contempt proceedings were pending, the second action was determined in favor of the defendant, upon the ground that the judgment in the first case was res adjudicata. The order in the contempt proceedings was thereafter vacated and the proceedings dismissed.

In a memorandum attached to the order the trial court said: "In brief, this court has already determined, and it is a matter of solemn judgment, that the receiver, representing the creditors in said proceedings, has no interest in this policy or the proceeds thereof; that the same was not transferred by said Robert C. Holbert in fraud of his creditors; and in view of this determination, which stands unchallenged, the conclusion inevitably follows that Robert C. Holbert had good right to make the transfer complained of and is not in disobedience of the restraining order of this court." With this conclusion we agree. The receiver was appointed at the instance of this appellant. The actions were brought for his benefit, for the purpose of having the transfers of the policies, and of the particular policy in question, set aside and the proceeds thereof applied to the payment of the appellant's judgment. The court, after a full hearing, determined the issue in favor of the defendant. The order sustaining the demurrer in the first action was upon the merits. Day v. Mountin, 89 Minn. 297, 94 N. W. 887; Carlin v. Brackett, 38 Minn. 307, 37 N. W. 342. In the second action the court determined that the matter was res adjudicata. The appellant was privy to the actions of Straight, who prosecuted the actions on his behalf (Dunham v. Byrnes, 36 Minn. 108, 30 N. W. 402), and is therefore bound by the judgments rendered therein to the effect that the assignment of the policy was not a fraud upon the creditors of Holbert and was not a transfer of nonexempt property.

The order is therefore affirmed.