## JAMES B. LAMSON v. TOWLE-JAMIESON INVESTMENT COMPANY AND OTHERS.[1]

November 25, 1932.

No. 29,072.

[1]Reported in 245 N. W. 627.

*Manahan, Hoogesteger & Manahan,* for appellant.

*Keyes, Pardee & Solether,* for respondent Towle-Jamieson Investment Company.

*Barrows, Stewart, Jackson & Junkin,* for respondents Taylor, Egeland, and Parish.

STONE, J.

When this action was called for trial defendants objected to the introduction of any testimony by plaintiff and moved for judgment on the pleadings. That motion granted, plaintiff appeals from the judgment.

The case is but a new, revised, and much simplified edition, under a new title but by the same authors, of Olive v. Taylor, 182 Minn. 327, 234 N. W. 466. The history of the matter is sufficiently stated there to make it necessary, for present purposes, to submit only the briefest summary. Formerly the owner of a valuable farm, plaintiff conveyed it to the Interstate Evangelistic Association, a corporation. On the record that conveyance finally took the form of unconditional deed, vesting title in fee simple, without reservation, condition, or lien in the grantee. In that situation, the latter

conveyed to defendant Parish, who was but the alter ego of defendants Donald W. Taylor and William Egeland. (Both Mrs. Taylor and Mrs. Egeland are joined as defendants, but no further reference need be made to them.) Plaintiff's claim is that, notwithstanding his ultimate and absolute conveyance to the evangelistic association, as between the latter and himself the land was charged with a trust (not of record) in his favor under which he is entitled to an annuity. Recovery is now sought, quasi ex contractu, of past due but unpaid instalments of that annuity.

The former suit was by a receiver of the evangelistic association to rescind the transaction whereby the association parted with title to the Lamson farm. It appearing that Parish, acting for Taylor and Egeland, had conveyed to innocent third parties, there could be no reconveyance to either the evangelistic association or Lamson. So the action by the receiver became one for money had and received, the receiver being entitled to recover the value of the farm, if anything. In the former case the purpose was to reach the entire proceeds of the land deal. The only difference here is that the endeavor is to reach but a part of the proceeds of the same transaction. In the manner and for the reasons appearing in the earlier case, judgment went against the receiver. Defendants Taylor and Egeland were defendants in that case, but defendant Parish was not a party.

■ Defendants Taylor and Egeland plead the judgment in the other case as an estoppel against plaintiff. True, he was not a party to the earlier action. But he was a creditor of the corporation, and so in privity with the plaintiff receiver, who represented and acted for all the creditors. Dohs v. Holbert, 103 Minn. 283, 114 N. W. 961, 123 A. S. R. 329; Herring v. N. Y. L. E. & W. R. Co. 105 N. Y. 340, 12 N. E. 763; Mehlhop, Son & Co. v. Ellsworth, 95 Iowa, 657, 64 N. W. 638; 34 C. J. 1004. "The creditors * * * were not actual parties * * * but they were represented by the receiver, and are as much bound by the decree as he is." Atlantic Tr. Co. v. Dana (C. C. A.) 128 F. 209, 222. Those so in privity with an unsuccessful litigant are as much bound by the judgment finally defeating him as is the litigant himself.

In the former case, 182 Minn. 327, 329, we did say that we could not then consider "the rights or remedies of Lamson [the present plaintiff] whatever they may be. Plaintiff sues in the right of the association and not in that of Lamson, who is not a party. To the extent that he is or may be a creditor of the association, and not otherwise, plaintiff as its receiver may represent Lamson. He cannot enforce any claim of Lamson's otherwise, and in this suit he must stand or fall with the cause of action of the association, if any."

That should need no explanation in its application to the present suit. The argument for plaintiff, much pressed on this appeal and based upon the above quotation, overlooks entirely the plain statement and equally plain fact that inasmuch as Lamson was a creditor of the association (and it is as a creditor that he now claims) the receiver represented him. It was necessary that Lamson be a party to the receiver's action to get a remedy personal to himself. But it was not necessary in order to subject him to the estoppel of the judgment. He is in privity with the plaintiff receiver, and that is enough.

In the other case, the whole effort, as far as indicated by the pleadings, was to recover the farm; or, that impossible, its value, so that the receiver should have it for the benefit of creditors. Had the present plaintiff desired additional relief, personal to himself, he might have tried intervention. The pleadings make it appear that all the issues determinative of this case were litigated and decided favorably to defendants Taylor and Egeland in the first action. Being privy to the plaintiff therein, plaintiff is estopped to litigate them again against the same defendants or any of them.

■ The complaint alleges that defendant "Parish gave no consideration for said farm and never intended to do so, but was acting in said transaction for the defendants Taylor and Egeland, having been paid the sum of $50 for the use of his name in applying for and executing" the mortgage later to be referred to. Being the disclosed agent of named principals, no credit ever having been extended to him by plaintiff, the latter can have no cause of action against the agent, irrespective of the fact that he is already ad-

judged to have none against the principals. J. D. Moran Mfg. Co. v. Clarke, 59 Minn. 456, 61 N. W. 556; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 217.

Remains for determination the status of defendant Towle-Jamieson Investment Company. It comes into the case as the broker which procured for defendants Taylor and Egeland, on application of Parish, a $10,000 mortgage loan on the Lamson farm. In no other capacity does the complaint suggest that it was connected with the transaction. It is alleged that it received from the lender the $10,000 principal of the loan and, as it was bound to do, paid the money over to the borrowers. The theory is that this money was wrongfully diverted from the evangelistic association and plaintiff to the purposes of defendants Taylor and Egeland. Although counter to the judgment in the former case, we may take that claim at its face value for present purposes. Yet, like Parish, the Towle-Jamieson company was but an agent acting for a disclosed principal or principals, the latter being either the lender, or borrower, or both. While in its hands the money belonged not to plaintiff but to either lender or borrower. Defendant Towle-Jamieson Company could do nothing other than pay the money to the borrower on the instructions of the lender. The complaint, putting aside mere conclusions of the pleader, charges nothing more than that it did so, except that it is tarred with supposed knowledge of the alleged improper purposes of Taylor and Egeland. It is difficult to see why the Towle-Jamieson company as mere agent of a disclosed principal, whose instructions it was bound to and did obey, is not immune from liability on that ground alone. But going farther, we find nothing in the complaint suggesting that the Towle-Jamieson company retained, as commission or otherwise, any part of the funds gotten from the mortgage loan. There is not the slightest suggestion that it was unconscionably enriched at the expense of plaintiff or anyone else. Therefore there is no cause of action against it quasi ex contractu. Burleson v. Langdon, 174 Minn. 264, 219 N. W. 155. Had the Towle-Jamieson company converted the money, which it did not, the resulting cause of action would have been, not in plaintiff, but in either borrower or lender.

■ Much labored argument has been wasted on the proposition for plaintiff that, inasmuch as a former motion by defendants for judgment on the pleadings had been heard and denied, there was lack of power or jurisdiction to hear and determine the second motion for the same relief. That contention we recently considered and denied in Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. The power of the district court before judgment to hear and determine on the merits a second motion for the same relief is not lost even though the first order was appealable and the time for appeal had expired.

Judgment affirmed.

