Roger MARKING and Nancy
Marking, Appellants,

v.

Lavern MARKING and Katherine
Marking, Respondents.

No. C9–84–1852.

Court of Appeals of Minnesota.

April 23, 1985.

Peter D. Ekstrand, Wabasha, for appellants.

Robert R. Dunlap, Rochester, for respondents.

Considered and decided by NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellants Roger and Nancy Marking appeal from summary judgment entered on August 2, 1984, in favor of respondents

Lavern and Katherine Marking. We affirm.

## FACTS

In 1978, Roger and Nancy Marking moved a mobile home onto a farm in Wabasha County owned by Lavern and Katherine Marking, Roger's parents. Roger also constructed a basement under the mobile home and made several other improvements near the mobile home. Before the mobile home was placed on the farm, Lavern had indicated that some day Roger could purchase the farm.

Roger and Nancy lived in the mobile home from 1979 to October 1981. In September 1981, Lavern entered into a purchase agreement to sell the farm to Robert Evers. The sale included all improvements which were placed on the farm by Roger. Roger subsequently moved the mobile home off the farm and relocated in Lake City, Minnesota.

Roger and Nancy commenced this action against Lavern and Katherine Marking seeking the cost of labor and materials expended as a result of making certain improvements on the farm. On May 23, 1984, the trial court granted Lavern's and Katherine's motion from summary judgment. Judgment was entered on August 2, 1984. Roger and Nancy appealed.

## ISSUE

Was summary judgment properly granted?

## ANALYSIS

Summary judgment is appropriate if the record shows there is "no genuine issue as to any material fact." Minn.R. Civ.P. 56.03. On review, the court must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

Roger and Nancy argue the facts establish a cause of action in quasi contract or unjust enrichment since it would be unjust for Lavern and Katherine to retain the benefit of the improvements on the farm.

The Minnesota Supreme Court has recognized the theory of quasi contract for many years. A quasi contract is sometimes called a contract implied in law. However,

> [Q]uasi contracts are not [,however,] contracts at all, for "neither promise nor privity, real or imagined, is necessary." The quasi-contractual obligation is raised or imposed by law and is independent of any real or expressed intent of the parties. The obligation is called quasi-contractual because as a matter of legal history the remedy took the contract form just as if based on an actual contract or agreement. Under the theory of a quasi contract, the obligation is defined in equity and good conscience and is imposed by law to prevent unjust enrichment at the expense of another.

*Dusenka v. Dusenka*, 221 Minn. 234, 238, 21 N.W.2d 528, 530–31 (1946) (citations omitted). No recovery can be had in quasi contract against one not shown to have been wrongfully enriched at the plaintiff's expense. *Lamson v. Towle-Jamieson Investment Co.*, 187 Minn. 368, 372, 245 N.W. 627, 629 (1932). When dealing with investments to real property, a plaintiff must present evidence that the investments added to the value of the land. *See generally Holste v. Baker*, 223 Minn. 321, 328, 26 N.W.2d 473, 477 (1947).

Roger and Nancy Marking have not met their burden of showing that a benefit was conferred on Lavern or Katherine. Roger and Nancy only submitted an accounting of their expenses in constructing the basement and making the improvements. These figures do not reflect an added value to the farm. Lavern testified he was not paid anything in addition to the expenditures for the basement and miscellaneous improvements and there was no evidence whatsoever regarding an increase in value to the farm as a result of the improvements. No appraisal evidence of any increase in value was sought and there was no evidence from the purchaser, Rob-

ert Evers, that the basement and improvements resulted in any increase in the purchase price.

## DECISION

Because there was no evidence regarding the value of the improvements to the farm, summary judgment was properly granted.

Affirmed.