## HENRY W. LAMBERTON vs. LYMAN RAYMOND.

### August 19, 1875.

**Justice of Peace—Jurisdiction—Amendment of Complaint.**—The amount claimed in the complaint exceeded the jurisdictional limits of a justice's court. Issue was joined, and parties proceeded to trial. On the close of plaintiff's testimony defendant moved to dismiss because of want of jurisdiction, and plaintiff thereupon, by leave of court, amended his complaint by reducing the amount of his claim to $100.00. Both parties then proceeded with the trial, and judgment was rendered for the plaintiff. *Held,* that the conduct of the parties after the amendment, and the proceedings subsequent thereto, gave the justice ample jurisdiction to render the judgment.

This action was commenced before a justice of the peace, who rendered judgment for plaintiff. Defendant appealed to the district court for Winona county on questions of law only, the only question raised being upon the jurisdiction of the justice. The district court, *Crosby, J.,* presiding, (acting for the judge of the third district,) made an order that the judgment of the justice be reversed, and the action dismissed for want of jurisdiction, from which order the plaintiff appeals.

*William H. Yale,* for appellant.

*R. R. Briggs,* for respondent.

CORNELL, J. Admitting that the justice had no power to allow the amendment, (concerning which no opinion is necessary,) and that all proceedings had before him, after the filing of the original complaint, and before its amendment,

were *coram non judice*, the subsequent proceedings and conduct of the parties remove all questions of a jurisdictional character.   The subject-matter of the action, both as respects its nature and the amount claimed, as disclosed by the amended complaint, was clearly within the jurisdictional limits of the justice.   Both parties thereafter, without objection, litigated it before the court by the introduction of testimony on each side, and the submission of the same upon argument to the jury.   This was equivalent to the institution and litigation of an action over which the justice had undoubted jurisdiction by the voluntary appearance and argument of the parties.

The order of the district court should be reversed, and the judgment of the justice affirmed.