J. D. MORAN MANUFACTURING CO. *vs.* ROSS CLARKE *et al.*

Submitted on brief by appellant, argued by respondent, Dec. 11, 1894.    Affirmed Dec. 21, 1894.

No. 9068.

**A complaint construed.**

A complaint in an action to enforce a mechanic's lien *held* insufficient because it failed to show that the lien statement was filed within the period limited by statute.

**Same.**

*Held,* also, that it stated no cause of action for personal judgment against the respondent.

Appeal by plaintiff, J. D. Moran Manufacturing Company, a corporation, from an order of the District Court of Ramsey County, *Hascal R. Brill*, J., made May 2, 1894, sustaining the demurrer of Ross Clarke, one of the defendants, to the complaint.

*Warren H. Mead*, for appellant.

*B. H. Schriber*, for respondent.

MITCHELL, J.    Action to enforce a mechanic's lien on real estate. The complaint was clearly insufficient, for the reason that it does not appear that the lien statement was filed within the time prescribed by statute.    It is alleged that this statement was filed November 6, 1893.    The only allegation as to the times when the labor and material were furnished is that it was "during the years 1892 and 1893." This may be true, and yet the last item of such labor and material may have been furnished more than ninety days prior to November 6, 1893.    *Hurlbert* v. *New Ulm Basket Works*, 47 Minn. 81, (49 N. W. 521.)

Neither does the complaint state a cause of action for personal judgment against the respondent.    The only permissible construction of paragraph two (2) is that, in making the contract with plaintiff, he acted merely as agent for a disclosed principal, viz. Anna W. Clarke. This disposes of this appeal, but, with a view to future proceedings, we may add that paragraph six (6) of the complaint does not show that respondent is a proper party to the action, it not being alleged either that his interest is subsequent to the lien of plaintiff, or that it consists of a lien claimed under the mechanic's lien law.

Order affirmed.

(Opinion published 61 N. W. 556.)