JOHN DONAHUE ET AL. V. POTTER & GEORGE COMPANY.

FILED DECEMBER 4, 1901.    No. 10,673.

Commissioner's opinion, Department No. 1.

1. **Application for Continuance:** REVIEW: AFFIDAVITS: BILL OF EXCEPTIONS. To obtain a review of the action of a trial court on an application to continue, the affidavits on which it was heard must be made a part of the bill of exceptions.

2. **Option Contract:** ENFORCEMENT. A duly executed option contract for the sale of real estate, otherwise unobjectionable, when accepted, and the price tendered by the party to whom it was made within the time stipulated, and before withdrawal, is enforceable.

ERROR from the district court for Sarpy county. Tried below before KEYSOR, J. *Affirmed.*

*J. J. O'Connor,* for plaintiffs in error.

*Gaines, Kelby, Storey & Martin, contra.*

HASTINGS, C.

In their brief two errors are urged by plaintiffs here and defendants in the court below as fatal to the decree in this action. The first error is that the motion for a continuance on behalf of defendant below was erroneously overruled, and, second, that the proof discloses no consideration for the option contract for the sale of real estate to obtain the specific performance of which this action is brought. With regard to the first error, there is nothing before us. We do not know upon what the court below acted, and, of

course, in such case its action is presumed to be right.   The bill of exceptions purports, by the certificate of the stenographer, to contain the evidence taken at the trial and the affidavits used on the hearing of the motion for a new trial. The certificate of the judge is simply that the bill of exceptions contains the evidence taken at the trial.   Upon what the court acted in passing on the application to continue, there is nothing to inform us, and the complaint of its action in this respect can not be considered.   The second error complained of does not seem any more fatal.   The option contract was at all events a written offer, available to the other party by its terms whenever accepted, if not sooner withdrawn.   *Smith v. Gibson,* 25 Nebr., 511, 517. Probably the particular contract under consideration was not revocable.   It appears clearly from the evidence that it was part of the agreement under which a loan of $3,000 was procured for the defendants Donahue, and distinctly a part of that transaction.   If so, it was, of course, not revocable prior to its expiration after the actual furnishing of the money on the part of plaintiff company.   At all events, it was not withdrawn, but was, on the contrary, carried out by the execution of a deed in accordance with its terms.   The deed was then placed in escrow until the proper payments could be computed and made, and was on the following day, under a pretense of verifying the descriptions, obtained by the defendants.  The decree seems to be fully sustained by the evidence.

It is recommended that the decree of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.