## ADDIE M. LIBBY v. EDWARD T. PARRY.[1]

### June 22, 1906.

### Nos. 14,772—(117).

**Land Contract.**

A certain instrument construed, and *held* to be, in its original form, an option for the purchase of real estate, but as afterwards modified it became a contract of purchase.

**Specific Performance.**

The contract not having been terminated by giving the notice required by chapter 223, p. 431, Laws 1897, and time not having been made the essence of the contract, the purchaser was entitled to maintain an action for specific performance, although payments had not been made within the time limited. Evidence was introduced at the trial tending to show that appellant had not, prior to the commencement of the action, abandoned the contract, but had made preparation to perform the same.

**Tender.**

The contract was not indefinite in its terms upon the question of deferred payments and security, and, by pleading and making a proper tender of the money due and of a mortgage upon the premises for the deferred payments, appellant preserved her rights under the contract, although the time stated for such payment had expired.

**Dismissal.**

It was error to dismiss the action at the close of appellant's case, the evidence being sufficient to make out a prima facie cause of action.

Action in the district court for Hennepin county to enforce specific performance of a contract for the sale and conveyance of land. The case was tried before Dickinson, J., who granted a motion to dismiss the action on the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Welch, Hayne & Hubachek,* for appellant.

*Edwin S. Slater,* for respondent.

LEWIS, J.

Respondent, a resident of Philadelphia, owned the premises in question, located in Minneapolis, and listed the same with the Tabour

[1] Reported in 108 N. W. 299.

Realty Company for sale at a stipulated price. Appellant executed a written instrument November 28, 1904, agreeing to purchase the premises for $3,600, and $50 was acknowledged paid as earnest money and in part purchase, $450 to be paid on or before sixty days after date, and $3,100 on or before one year from the date of closing the deal, with interest at five per cent.; a complete abstract of title to be furnished, and all taxes then a lien on the property to be paid by the vendor. The writing also provided that, in case the title to the premises was not perfect, and could not be made so within sixty days from the date of the instrument, the agreement to be void and the $50 refunded, but, if the title was perfected and not taken within sixty days from the date thereof, the $50 to be forfeited. The instrument was signed by Edward T. Parry, by Tabour Realty Company, agents, and also by appellant. It was then forwarded to Mr. Parry at Philadelphia, who indorsed upon the agreement:

> ·With the interest rate changed from five to six per cent., and with the understanding that purchaser assumes and agrees to pay taxes which accrue this winter. I hereby approve of the above contract.                                    Edward T. Parry.

The instrument was thereupon returned to Minneapolis and submitted to appellant, and she added the following:

> I hereby approve of the modifications concerning rate of interest and payment of taxes of my contract for the purchase of lots one and two, in block seven, in Lakeview addition, Minneapolis, Minnesota, and agree to purchase said lots upon the conditions prescribed by said contract and the modifications ·thereof.                                    Addie M. Libby.

The record does not show the exact dates these changes were made and the writing finally executed, but, in pursuance of the contract, December 21, 1904, the vendor executed and forwarded to the Tabour Realty Company a deed to the premises conveying the same to appellant, and for a few weeks thereafter the deed was held in abeyance for some reason which does not clearly appear. At any rate the vendor, on February 15, 1905, sent a letter to the Tabour Realty Company withdrawing the deed. Appellant, claiming a right to enforce the con-

tract, commenced an action in the district court of Hennepin county, March 17, 1905, for specific performance, and in the complaint tendered payment and brought into court for respondent $450 in cash and her note and mortgage upon the premises for the $3,100 due on or before one year, with interest at six per cent. The cause came on for trial and at the close of appellant's case respondent moved the court to dismiss the same upon the ground that no cause of action had been made out, and the motion was granted. Appellant thereupon moved for a new trial, which was denied and appeal taken to this court from such order.

The original instrument was in the form of an option, and its terms could not be enforced after the expiration of the time mentioned. The vendor had agreed to sell the premises upon certain terms, but the purchaser was under no obligation to make the purchase. She had the privilege of forfeiting the $50 earnest money and abandoning the contract. Womack v. Coleman, 92 Minn. 328, 100 N. W. 9. But after the vendor had changed the contract, and raised the rate of interest from five to six per cent., and required the vendee to assume the payment of current taxes, the vendee then changed the terms of the agreement and expressly agreed to purchase the premises, thereby transforming the option to a contract of purchase. Time was not made the essence of the contract, and, consequently, conceding appellant was in default in not making the cash payment within sixty days, the contract could not be terminated except by giving the notice required by chapter 223, p. 431, Laws 1897. Such notice was never given, and at the time of the trial appellant had not waived her rights by the mere lapse of time. Respondent insists, however, that appellant never made any payments, not even the $50 acknowledged as paid in the original option, and not only did not pay the $450 within the time limited in the contract, but made no effort to do so, and was not prepared to do so, and for that reason, if for no other, the vendor was justified in withdrawing the deed upon the ground that appellant had abandoned the contract.

Merely withdrawing the deed would not of itself terminate the contract, in the absence of the notice required by the statute, but there was evidence tending to show that appellant had made preparation to make the payment, and that the money was actually in the hands of the Tabour

Realty Company for that purpose to be delivered to respondent upon the completion of the contract. It is of no consequence that appellant was the nominal purchaser, and that the money was furnished by a third party with the expectation of subsequently taking a conveyance of the same from appellant. Again, respondent claims that under no circumstances could the contract be enforced for the reason that it is uncertain and incomplete; that it should not be assumed that the parties contemplated that a conveyance of the premises should be made without the payment of the $3,100 in cash, or by providing sufficient security, upon which points the contract is silent. This position is untenable. That the parties did not make the kind of a contract they intended to is no reason that it should not be enforced, if its terms are explicit, and we so consider them. It is expressly stated that the $3,100 should be paid on, or before one year from the date of closing the deal, with interest at six per cent. From this it will be inferred that the parties contemplated there should be no security at all, or that the deferred payment of the purchase money should be secured by a mortgage on the premises. Appellant took the most favorable view of the contract for respondent and made a tender of such a mortgage. This is all that could be required of her. For these reasons appellant made out a prima facie case, and it was error to dismiss the action.

Order reversed and new trial granted.