## S. S. MATSON v. E. J. BAUMAN.[1]

February 8, 1918.

No. 20,676.

**Corporation — sale of stock — breach of agreement to repurchase — action for price.**

1. Defendant sold and delivered to plaintiff five shares of the capital stock of a certain corporation, and as a part of the transaction agreed to repurchase or take the same back at a stipulated amount on a date specified, if plaintiff then wished to sell the same. It is *held*, following Lyons v. Snider, 136 Minn. 252, that a breach of the agreement by defendant vested in plaintiff the right of action for the amount stipulated to be paid on the return of the stock.

**Same — statute of frauds — Iowa law controlling.**

2. The contract was entered into in the state of Iowa, where the parties resided, and with reference to the laws thereof, and its validity as to the statute of frauds is controlled by the laws of that state.

**Same — tender and demand seasonable.**

3. A tender of the stock and demand that defendant perform his contract to repurchase the same was seasonably made; time was not of the essence of the contract and it was not necessary that the demand for performance be made on the precise date named in the contract.

**Same — evidence of agency not sustained.**

4. The contract was the personal obligation of defendant, and the claim that the stock was sold by him as the agent of the corporation is not sustained.

Action in the district court for Ramsey county to recover $500 upon the contract set out in the opinion. The answer alleged that long prior to this action defendant revoked any offer he may have made to plaintiff for the purchase of the stock. The case was tried before Olin B. Lewis, J., who at the close of the testimony denied defendant's motion for a directed verdict, made findings and ordered judgment in favor

[1] Reported in 166 N. W. 343.

of plaintiff. From an order denying his motion for amended conclusions of law or for a new trial, defendant appealed. Affirmed.

*Harold Harris,* for appellant.

*S. P. Crosby,* for respondent.

BROWN, C. J.

The facts in this case as disclosed by the record are substantially as follows: Plaintiff and defendant at the time of the transaction here involved resided at Goodell in the state of Iowa, and had known each other for many years. The Washington Brick, Lime & Sewer Pipe Company is a corporation engaged in the business indicated by its name in the state of Washington. The trial court found that on December 6, 1909, defendant "had for sale and did sell to plaintiff five shares of the common stock" of that corporation at the price of $100 per share. When the stock was first offered to him plaintiff apparently had some doubts as to the value thereof and of the propriety of such an investment, and so indicated to defendant. Whereupon and as a part of the transaction and to induce and bring about a sale defendant entered into an agreement by which he promised to repurchase the stock from plaintiff on July 1, 1915, if plaintiff then wished to dispose of it. The agreement was in writing and in the following language:

"Goodell, Iowa, December 6th, 1909.

"I, E. J. Bauman, hereby agree to pay S. S. Matson $500 for five shares of $100 each, of the common stock of the Washington Brick, Lime & Sewer Pipe Company of Spokane, Washington, on July 1, 1915, providing the said S. S. Matson wishes to dispose of said stock at that date.

"E. J. Bauman."

In consideration of this agreement and in reliance thereon plaintiff purchased the stock, and defendant "procured to be delivered" to him a stock certificate for five shares, for which plaintiff paid the sum of $500. The transaction was completed on said December 6, 1909. Thereafter, on May 22, 1915, plaintiff through his attorneys notified defendant that he wished to sell and dispose of the stock, and demanded that defendant repurchase the same on July 1 following, as

by the written contract he had agreed to do. The court found that defendant refused to comply with the demand. A tender of the certificate of stock was not made by plaintiff at the time of this demand, but a surrender thereof was understood by plaintiff to be necessary and the demand sufficiently indicated a willingness to surrender the same. Thereafter, on or about July 1, 1916, a year after the date fixed by the agreement for the repurchase, plaintiff again demanded performance of the contract by defendant and then formally tendered back the stock certificate. Defendant again refused to comply with the contract.

. Plaintiff then brought this action to recover on the contract. The cause was tried before the court without a jury, and upon findings of facts substantially as here stated judgment was ordered for plaintiff for the amount claimed. Defendant appealed from an order denying his motion for amended findings or a new trial.

The assignments of error present several questions in respect to the admission and exclusion of evidence and the refusal of the trial court to amend its findings of fact and conclusions of law, none of which require extended discussion. We discover no error in the admission of evidence. The execution of the written agreement to repurchase was not in dispute on the trial and it was properly received in evidence. While defendant claimed that the writing was not drawn up or signed until after the transaction had been fully completed, the evidence of plaintiff was specific and clear that it was signed and delivered as a part of the transaction, before the completion thereof, and to induce a purchase of the stock, and the findings of the court to that effect are fully supported by the evidence. Defendant also claimed that plaintiff's real purchase was 10 shares of preferred stock, in consideration of which, that the five shares of common stock were thrown in by the company as a gift, for which plaintiff paid nothing. The trial court was fully justified in resolving that claim against defendant. The evidence makes it clear that plaintiff purchased and received five shares of preferred and five shares of common stock, for which he paid $1,000, less a small discount. Defendant admitted receiving the letter written by plaintiff's attorneys, demanding a performance of the agreement to repurchase the stock, and there was no error in receiving it in evidence. And without further specific reference to points made on this branch

of the case we hold that the findings are fully supported by the evidence, there was no error in the admission or exclusion of evidence, or in denying the motion for amended findings.

It is further contended by defendant: (1) That a breach of the contract gave plaintiff no right of action for the amount therein agreed to be paid for the stock; that the sole remedy in such a case is an action for damages suffered in consequence of the breach; (2) that the contract does not express upon its face the consideration upon which it was founded and is therefore void under the statute of frauds; and (3) that time was of the essence of the contract, and that to charge defendant with liability for a breach thereof it was incumbent upon plaintiff to demand a performance, coupled with a tender of the stock certificate on the date named in the contract, namely, July 1, 1915, and that since no such demand and tender were made on that day defendant is not liable. And further, if the court shall hold that time is not of the essence of the contract, that performance thereof should have been demanded with a tender of stock within a reasonable time after the date fixed by the contract, and that the delay of a year is tendering the stock was unreasonable and a release of defendant.

The questions thus raised and presented are all answered adversely to defendant's contentions by prior decisions of the court. The right of a party holding an option of the kind here in question to recover the amount therein agreed upon was sustained in Lyons v. Snider, 136 Minn. 252, 161 N. W. 532. Practically the identical option was there before the court, and the right of plaintiff therein to recover received careful attention. It is decisive here. In Halloran v. Jacob Schmitt Brewing Co. 137 Minn. 141, 162 N. W. 1082, L.R.A. 1917E, 777, it was held, in respect to the question of the statute of frauds, that a contract made and to be performed in another state, by parties residing therein, must be controlled as to the sufficiency of the written agreement by the law of that state. The contract in the case at bar was made in Iowa by parties residing therein and with reference to the laws thereof. The Iowa statute was not offered in evidence, and we are not advised by the record as to the terms and provisions thereof. We cannot assume that a statement of the consideration is there necessary.

The statement is not necessary at common law. Halloran v. Jacob Schmitt Brewing Co. supra.

In Davis v. Godart, 131 Minn. 221, 154 N. W. 1091, we held that a party holding an option for all practical purposes substantially like that here before us, has a reasonable time after the date fixed by the option to return the property and demand the price agreed upon; and further that a year after such date was not an unreasonable delay. Several authorities are cited sustaining that view of the law in cases involving options exactly like that in the case at bar. That decision would seem to dispose of defendant's contention that time was as a matter of law of the essence of this contract, as well as the further claim that there was an unreasonable delay in tendering back the stock. We so hold, though it is not necessary to rely wholly upon that case. In the case at bar there was a demand by plaintiff that defendant take back the stock and pay the agreed amount, and this was made a short time prior to the date fixed by the contract, which defendant ignored and refused to comply with. While this demand was not accompanied by a tender of the stock, defendant's attitude in the matter indicates clearly that such tender would have been a useless ceremony; he would have refused performance had the tender been made. The tender was subsequently made, though about a year later, and defendant again refused to take it back, but not on the ground that the delay in tendering it had prejudiced him in any way, substantially or otherwise. In view of this situation it seems clear that plaintiff did all that was reasonably necessary to apprise defendant of his election to return the stock, to which defendant according to his own testimony turned a deaf ear.

There is some suggestion that defendant was acting as the agent of the corporation in selling the stock to plaintiff, and is therefore not personally liable. The parties are in dispute as to the fact and the trial court made no findings thereon. However, it may be conceded that an agent, acting within the scope of his authority, who enters into a contract for his principal, the agency being known to the opposite party, is not personally liable thereon. 1 Dunnell, Minn. Dig. § 217. But the rule can have no application to the case at bar. The contract upon which this action is founded does not purport to have been executed on behalf of the corporation, but on its face appears to be the personal obli-

gation of defendant. The record will not justify the conclusion that defendant had actual authority to bind the corporation to a repurchase of the stock, and no implied authority appears from the facts as here presented. It must therefore be held that the option to return the stock was defendant's personal contract.

Order affirmed.