O. L. ENGEN v. SHERIDAN COUNTY STATE BANK.[1]

April 17, 1925.

No. 24,440.

**Agreement constituted an option only.**

The agreement in controversy did not create a contract to sell, but merely gave plaintiff an option to sell which expired without being exercised.

See Sales, 35 Cyc. p. 56.

Action in the district court for Hennepin county upon three promissory notes. The case was tried before Magney, J., who directed a verdict in favor of plaintiff. He appealed from the judgment entered upon an order granting defendant's motion for judgment notwithstanding the verdict. Affirmed.

*Elliott, Doll & Coursolle,* for appellant.

*Kingman, Cross, Morley & Cant* and *Paul M. Babcock,* for respondent.

TAYLOR, C.

The Hickson State Bank of North Dakota brought this action against the Sheridan County State Bank of Plentywood, Montana,

[1]Reported in 203 N. W. 434.

to recover the amount of three promissory notes sold by the latter to the former under an agreement to repurchase them at maturity. Both banks are now in the hands of receivers, but for convenience will be designated as plaintiff and defendant respectively. The trial court directed a verdict for plaintiff, but subsequently rendered judgment for defendant notwithstanding the verdict on the ground that the agreements to repurchase merely gave plaintiff "an option to sell the notes back again to the defendant on their due date," which option had expired without being exercised. Plaintiff appealed.

The pivotal question is whether these agreements created a contract binding plaintiff to sell as well as defendant to purchase, or merely created an option binding defendant to purchase if plaintiff elected to sell.

In 1920 defendant had many calls for loans to stockmen and plaintiff had a surplus of money. Defendant sold to plaintiff several notes taken for such loans and secured by chattel mortgages, plaintiff paying full face value therefor. As they became due, plaintiff returned them to defendant and received payment for them either in money or in other notes. Defendant went into the hands of a receiver, and plaintiff did not return the three notes in controversy which it then held. Subsequently the receivership was terminated and defendant resumed business. Thereafter, and something over a year after the notes became due, plaintiff brought this action, obtaining jurisdiction by garnisheeing defendant's balance in a Minneapolis bank. Later defendant again went into the hands of a receiver.

Each note was indorsed by defendant without recourse, but bore a guaranty of payment executed by its cashier personally. Each note was accompanied by a chattel mortgage on live stock as security for its payment, and by an agreement executed by both parties, one of which reads as follows, and the others are similar in form:

"October 29, 1920.

For and in consideration of the payment to the Sheridan County State Bank, Plentywood, Montana, by the Hickson State Bank,

Hickson, North Dakota, the sum of two thousand dollars ($2,000.00) the Sheridan County State Bank, Plentywood, Montana, agrees to repurchase the Harry Martin note of $2,000.00 at face value, on its due date (October 30, 1921), note being dated October 30, 1920, and interest having been paid in advance to maturity."

We think the trial court was right in construing this agreement as merely giving plaintiff an option to require defendant to repurchase the note, and not as creating a bilateral contract binding plaintiff to sell and defendant to purchase. It will be observed that the agreement, although signed by both parties, contains no provision obligating plaintiff to do anything. Under it, plaintiff had the right to require defendant to repurchase the note "on its due date." The maker had promised to pay it on that date and presumably would do so. If he did, plaintiff could not resell it to defendant. If the agreement created a contract binding plaintiff to sell and defendant to purchase, defendant's indorsement, "without recourse," was meaningless, but if it only created an option, and plaintiff should see fit to look to the maker and the security instead of exercising the option, the indorsement would release defendant from further liability. It is true that an agreement to buy or to sell, in form unilateral, may be construed as binding both parties where it is obvious that such was the intention. But here the promises are all on one side, and the facts and circumstances will not justify us in holding that the parties intended to create a contract as distinguished from an option. Numerous cases determining whether a particular agreement creates a contract or an option are collected in an extended annotation of that question in 3 A. L. R. 576. Among our own cases bearing on it are the following: First Nat. Bank v. Corporation Securities Co. 128 Minn. 341, 150 N. W. 1084; The Gregory Co. v. Shapiro, 125 Minn. 81, 145 N. W. 791; Womack v. Coleman, 92 Minn. 328, 100 N. W. 9; Libby v. Parry, 98 Minn. 366, 108 N. W. 299; Moore v. Allen, 109 Minn. 139, 123 N. W. 292; Gasser v. Great Northern Ins. Co. 145 Minn. 205, 176 N. W. 484; Lyons v. Snider, 136 Minn. 252, 161 N. W. 532; Matson v. Bauman, 139 Minn. 296, 166 N. W. 343.

As the agreement gave plaintiff an option which it failed to exercise, the judgment is affirmed.