## EDWARD F. BERKNER v. I. SEGAL.[1]

June 25, 1926.

No. 25,378.

**Vendee's appeal from judgment granting vendor specific performance without merit.**

Plaintiff, by the written notice thereby provided for, elected to exercise a written option on land owned by defendant. Thereafter he brought this action for specific performance. Defendant answered, denying default on his part, praying specific performance against plaintiff as vendee, and procured judgment accordingly. There is no question about defendant's readiness and ability to convey good title. *Held* that there is no merit in plaintiff's appeal, his argument being that the option never ripened into a contract because of a default on his part *after* the option had been converted into an executory contract of sale by plaintiff's election to purchase.

Specific Performance, 36 Cyc. p. 693 n. 62 New.

Action in the district court for Hennepin county by a vendee for the specific performance of a contract for sale and conveyance of land. The case was tried before Reed, J., who found for the defendant. Plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*McDonald, Johnson & Collins*, for appellant.

*Harry J. Bikson*, for respondent.

STONE, J.

This action by a vendee for the specific performance of a contract for the sale and conveyance of land is peculiar in that plaintiff is now complaining because the relief he originally sought was awarded finally on the cross-complaint of defendant, his vendor. The decision below was that, defendant being willing and ready to convey, plaintiff should accept and pay for the conveyance, all in strict accord with the contract. The appeal is by plaintiff from the order denying his motion for a new trial.

[1]Reported in 209 N. W. 536.

February 24, 1925, by written contract, defendant optioned the property in question to plaintiff. The price of the option was $200 and gave plaintiff until May 1, 1925, the right to purchase the property for $30,000 upon the following terms:

"On May 1, 1925, if Edward F. Berkner exercises this option he shall pay a further sum of Five Thousand ($5,000) Dollars, at which time an earnest money contract shall be executed giving him credit for the sum of Fitfy-two Hundred ($5,200) Dollars, and an Abstract of Title shall be delivered to him and ten days shall be allowed him to examine the title and thereupon the balance shall be payable in full upon the delivery to him of title to said premises.

"Said Edward F. Berkner shall signify his intention to take said property by due notice in writing * * * and a failure to give such notice, and comply with the terms and perform the conditions hereof (except as hereinafter provided), within the time specified, shall terminate this option, and all rights thereunder, without further act or notice whatsoever, time being the essence of this agreement.

"In case said notice shall be given in due time, but transaction is not completed, then Ten days shall be given in which to examine titles, make conveyances and close the transaction."

April 24, 1925, plaintiff gave defendant written notice of his election to buy and that he would on May 1st make the $5,000 payment. He demanded that "at that time or before" defendant furnish an abstract showing the title to be "free and clear of any and all incumbrance." The notice concluded with the statement that, upon the receipt of such an abstract plaintiff would be prepared to pay defendant the entire balance of the purchase price.

A finding of fact, unchallenged by any proper assignment of error, is that the plaintiff did not tender the $5,000 payment on May 1st. Other findings are that on that day, and ever since, defendant has been and remains ready to furnish the required abstract and to convey by warranty deed. In fact such a deed has been deposited in escrow by direction of the court and when and if delivered to plaintiff will vest in him an unobjectionable title.

Of course as long as the contract remained an option and nothing more, it did not bind plaintiff to purchase. It did not sell the land but did sell the right to purchase the land within the time and upon the terms stated. It was merely a contract to "hold an offer to sell property open for a specified time." Morrison v. Johnson, 148 Minn. 343, 181 N. W. 945. The attack upon the decision below is that, the option having provided that if the $5,000 payment due on May 1st was not made the option should be at an end, and that, payment not having been made, there was no further obligation—no contract to buy. That argument ignores plaintiff's written acceptance and the expression of his final and binding election to convert, as he alone had the right to convert, the option into an executory contract for a sale and conveyance to him. It was just as binding a promise to take the property and pay the price as it would have been if incorporated in the initial contract. Plaintiff thereby "expressly agreed to purchase the premises" and so transformed "the option [into] a contract of purchase." Libby v. Parry, 98 Minn. 366, 368, 108 N. W. 299, 300.

After the notice of plaintiff's intention to exercise the option and his demand for performance by defendant, he was bound and continued so in spite of any default of his thereafter occurring. It was incumbent upon him to tender the $5,000 due May 1st. Until such tender there was no obligation upon defendant to furnish the abstract or the earnest money contract provided for by the option. Defendant having been both willing and able to furnish them at any time, plaintiff having sued to compel the performance of the contract, and the judgment having been for that and nothing more, we fail to find any basis for the position now taken by plaintiff.

We are not overlooking plaintiff's claim that on May 1, 1925, there was outstanding what we may assume to have been a contract binding defendant to sell the property to a third person. But, when performance was demanded of defendant, that contract had been rescinded and its cloud on the title removed—the result evidenced by a quitclaim deed from the vendee in that contract to defendant.

Order affirmed.