## EDWARD F. BERKNER v. I. SEGAL.[1]

November 5, 1926.

No. 25,833.

**Denial of injunction against entry of judgment affirmed.**

Appeal from an order denying an injunction against the clerk of the district court to prevent his entry of judgment pursuant to an order, affirmed, but the procedure considered questionable.

Appeal and Error, 34 C. J. p. 1223 n. 74, 77, 86.

Plaintiff appeals from an order, Nye, J., denying an injunction. Affirmed.

*McDonald & Collins*, for appellant.
*Harry J. Bikson*, for respondent.

PER CURIAM.

This case has been here before and the opinion is reported in 168 Minn. 62, 209 N. W. 536. No restatement of facts is necessary except to say that by the order for judgment defendant was required to deposit with the clerk of the district court a warranty

[1] Reported in 210 N. W. 868.

deed to plaintiff of the involved premises, together with an abstract of title showing the property free from encumbrances. The order further provided that upon the deposit of such deed and abstract the defendant have judgment against plaintiff for $29,800 together with costs and disbursements. Upon the payment of that judgment and not before, the order finally provided plaintiff would be entitled to the delivery to him of the deed and abstract, defendant in the meantime to retain possession of the real estate and be entitled to the rents and profits. When the case was remanded, plaintiff by order to show cause in the main action applied for a temporary injunction against the clerk preventing him from entering the judgment so ordered. From the order denying the injunction so sought and discharging the order to show cause, this appeal is taken.

After the decision below on November 3, 1925, and pending the appeal to this court, the taxes for 1923, amounting to nearly $2,500, became a lien upon the premises and were not paid by defendant. They constitute one of the two items now in controversy. The other is interest accrued to the date when it was proposed to enter judgment. It amounts to upwards of $1,200. Plaintiff contends that he should not be charged with either of these items because defendant failed to comply with the order for judgment in that he did not deposit the deed and abstract thereby required until July 22, 1926, which was a few days after, pursuant to the former decision here, the case was remanded to the district court. Plaintiff does not claim to have made any tender or to have been prejudiced in any way by the delay. Neither is there any showing for plaintiff that the premises produce any income and on the other side it is said that they are vacant.

In that situation there must be an affirmance. The findings and order for judgment provided for the enforcement of the contract as made. Under that contract plaintiff is liable both for the interest and the taxes now in question. When the former appeal was taken there was a supersedeas and consequent stay of proceedings. Pending the return of the case to the district court there was nothing for defendant to do. Immediately after the remittitur he complied

with the order for judgment. There is no foundation for either of the contentions for plaintiff on this appeal.

The procedure adopted below is anomalous to say the least. There was no motion to modify the order for judgment on account of events subsequent to its entry. It would have been better to have followed that course. The resulting order would have been appealable as one affecting the substantial rights of the parties, or better still, it could have been reviewed upon an appeal from the judgment. But passing the procedural questions and assuming the order under review to be one denying a temporary injunction and therefore appealable, the result must be as above indicated.

Order affirmed.