SARAH E. PAULL AND ANOTHER v. COLUMBIAN NATIONAL
FIRE INSURANCE COMPANY AND ANOTHER.[1]

April 14, 1927.

No. 25,906.

**Where no objection or exception, ruling allowing amendment of answer cannot be reviewed.**

1. The ruling permitting an amendment of the answer at the trial cannot be reviewed, for there was no objection or exception.

**Insurance company was bound by the agreement made by its agent.**

2. After a fire insurance policy was issued protecting the interest of the record owner, he conveyed to one of plaintiffs and both the grantor and the grantee notified the agent of the insurance company, who had issued the policy, and requested him to make the entries needed upon the policy to protect both the grantee and the other plaintiff, who, to the agent's knowledge, held a contract for deed from the grantor to which the conveyance was made subject. This the agent consented and agreed to do, but omitted to make the entries. The dwelling insured was destroyed by fire. The agreement was within the authority of the agent to make, and bound the company.

**Plaintiffs entitled to recover had action been brought within two years after the fire.**

3. The facts found warranted a recovery in behalf of both plaintiffs, had the action been brought within two years from the date of the fire.

**Why agent cannot be held personally liable.**

4. Since the consent of the agent to the change of ownership and agreement to make the needed entries upon the policy bound his principal, the agent cannot be held personally for his omission or neglect to make the entries.

Appeal and Error, 3 C. J. p. 742·n. 3; p. 793 n. 33; p. 895 n. 32; p. 905 n. 24.

Fire Insurance, 26 C. J. p. 108 n. 2, 8; p. 473 n. 38; p. 474 n. 45.

Insurance, 32 C. J. p. 1063 n. 98, 99 New; p. 1142 n. 36; p. 1143 n. 45, 49.

[1]Reported in 213 N. W. 539.

Plaintiffs appealed from a judgment of the district court for St. Louis county, Fesler, J.   Affirmed.

*Chauncey C. Colton*, for appellants.

*Harry W. Lanners* and *Lewis & Hunt*, for respondent Kreidler, and *Washburn, Bailey & Mitchell*, for respondent insurance company.

HOLT, J.

The appeal is by plaintiffs from a judgment of dismissal in an action to reform and recover upon a fire insurance policy.

The facts found are in short these:

One Falkner, a builder, agreed to build a dwelling for plaintiff Paull upon a lot owned by her in Duluth.   In order to finance the undertaking, Paull deeded the lot to Falkner, who placed a $2,200 mortgage thereon, and then by contract agreed to sell and convey the lot with the dwelling constructed to Paull, upon being paid $1,800 in monthly instalments, she to assume and pay the mortgage.   This all took place on or prior to November 21, 1917, on which date Falkner, for himself and as agent for Paull, instructed defendant Kreidler to insure the building, then under construction, for $3,500, and directed the policy to be written so as to protect the mortgagee, also Falkner and Paull as their interests might appear.   Kreidler had placed the mortgage, and knew the interests of Falkner and Paull. In fulfilment of the instruction, Kreidler, the agent of several insurance companies, procured one of these, the defendant company, to issue and deliver its policy insuring the building against fire, loss if any payable in all respects as directed by Falkner except that the interest of Paull was not covered.   Neither Falkner nor Paull know of this mistake or omission.   The premium was paid.   On April 8, 1918, Falkner conveyed the premises and assigned the contract to the plaintiff Consolidated Securities Company.   Kreidler was notified thereof both by the president of the securities company and Falkner and requested to make such entries on the insurance policy as to protect both the plaintiff company and Paull.   Kreidler agreed to do so, but failed.   The building was destroyed October 12, 1918, in the great forest fires which then swept over the country near

Duluth. The loss exceeded $3,500. Due proof of loss was made, but defendant refused to pay. It has purchased the mortgage. This action was not brought until December 2, 1921.

Error is assigned because defendant insurance company was permitted to amend its answer at the trial by pleading the two-year limitation contained in its policy—the standard form prescribed by statute. The record fails to show either objection or exception to the amendment, and the error claimed cannot be raised in this court.

The other errors assigned question only the correctness of the conclusion of law. It is obvious that the plaintiff company had a clear right of recovery against defendant insurance company, but for the pleaded limitation provision of the policy, required by G. S. 1923, § 3512, reading: "No suit or action against the company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this state, unless commenced within two years from the time the loss occurred." Kreidler, the agent of the defendant company, was notified that Falkner, the record owner covered by its policy, had conveyed his interest to the plaintiff company and was requested to make the proper entries to protect its interest. The agent agreed to do so, and the record clearly shows that he had the authority. This made a binding agreement upon defendant and gave the plaintiff company the right to recover under the policy, provided the action was brought within two years from the loss. Baughman v. Niagara F. Ins. Co. 163 Minn. 300, 204 N. W. 321. It was immaterial so far as recovery was concerned whether or not there was a formal reformation of the policy. Mark v. Liverpool & L. & G. Ins. Co. Ltd. 159 Minn. 315, 198 N. W. 1003, 38 A. L. R. 310.

As to the right of recovery of the plaintiff Paull against the defendant company, the complaint and the theory upon which the case was tried should be kept in mind. She joined with the other plaintiff, both asserting a right of recovery against defendant company under a policy it had issued or ought to have issued. She had no cause of action against this insurance company apart from the policy prior to its actual issuance, for neither she nor Falkner in-

structed Kreidler, the agent of several insurance companies, to make a contract of insurance with the defendant company. But on April 8, 1918, both knew that a policy had been issued for which they had paid the premium, and they claim, and the court found, that on that date Kreidler, the agent of the company which had issued the policy, was informed of Falkner's sale and was requested to make proper entries upon the policy so as to protect the interest of Paull as well as of the other plaintiff. This Kreidler, the duly authorized agent of the issuer of the policy, agreed to do. Hence, though the defendant company was not bound by Kreidler's mistake in respect to Paull when it issued the policy, it became so bound by the acts and conduct of its agent after its issuance when, on April 8, 1918, he agreed to make the entries or changes needed upon the policy so as to cover Paull. Hence, both plaintiffs had a perfect right of recovery on the policy for the loss against the defendant company, had the action been commenced within two years from the fire.

The above conclusion defeats any right of recovery of either plaintiff against Kreidler. It is plain that if the acts or conduct of the agent bind his principal, the other party to the transaction cannot hold the agent personally. Mechem, Agency (2d ed.) § 1357; Matson v. Bauman, 139 Minn. 296, 166 N. W. 343. There was no contract with Kreidler personally on April 8, 1918, to procure insurance, but he was requested, as agent of the insurer who had issued the policy, to consent to a change of ownership and make the needed entries on that policy, protecting these plaintiffs. Plaintiffs dealt with Kreidler as agent. While plaintiffs did not know what insurance company had issued the policy, they without question accepted such policy and desired to be covered by it. They knew that Kreidler was the agent of the insurance company which had issued the policy. They treated him as such. They cannot now claim that he is personally bound on the ground that he did not disclose his principal. They were then indifferent to the identity of his principal. No claim is now made that the defendant company was not a proper or responsible insurer. The omission or mistake of Kreidler to make the agreed entries upon the policy did no harm to either plaintiff, for

in law the company was bound as if proper entries had been made.

The learned trial court reached the same result upon slightly different reasoning.

The judgment is affirmed.