HANSEN, Respondent, v. BENDERT, Appellant.

(219 N. W. 883.)

(File No. 5645.  Opinion filed June 16, 1928.)

*Dan E. Hanson,* of Parker, for Appellant.
*Bogue & Bogue,* of Parker, for Respondent.

MORIARTY, C. This action was brought to secure a decree for the specific performance of a land sale contract. The case was tried to the court without a jury, and the court made findings of fact and conclusions of law favorable to the plaintiff's contentions and entered a decree of specific performance.

In its findings of fact the court sets out in full the contract which was signed by the parties. The contract provides that the plaintiff, Hansen, agrees to sell and the defendant, Bendert, agrees to buy a certain quarter section of land in Lincoln county, S. D. For this land Bendert agrees to pay certain sums in cash, to convey to Hansen a quarter section of land in Dickey county, N. D., and to assume certain mortgages incumbering the Lincoln county land. And the instrument contains this further provision:

"It is further agreed that the party of the first part (Hansen) shall have the privilege of withdrawing from this contract for a period of thirty days from the date hereof by a notification in writing of the exercise of such privilege, delivered to the party of the second part within said time, and on the exercise of such privilege as so described this contract shall be null and void and of no effect."

The trial court found that this contract was based upon a good and valid consideration, and concluded that the contract is binding and valid and that its terms and stipulations are mutual and reciprocal.

The appeal is from the decree of specific performance, without any motion for a new trial or any assignment as to the insufficiency of the evidence to support the findings. The only matter in any way raising the question of the sufficiency of the evidence is a stipulation that the finding that the contract was based upon a good and valid consideration "was not intended to mean and does not mean that any consideration passed from either party to the contract at the time it was made other than that the consideration for said contract on either side is the contract itself, and the stipulations therein contained."

The defendant's answer alleges that the defendant, "before the option of the plaintiff had elapsed, rescinded said purported contract and option by giving notice to the plaintiff that he would not be bound by the terms of said written instrument." But the record before us presents no evidence as to this allegation, and,

in the absence of anything in the record raising the question of the insufficiency of the evidence, we must presume that the evidence before the trial court supports the findings of that court.

That the contract lacks mutuality of obligation, and that the trial court erred in finding that it was binding upon the defendant, is the only question sought to be raised by the appeal. Appellant's counsel argues that the writing was a mere option contract, and is not entitled to be enforced by specific performance. Even though it be conceded that the writing when signed merely granted an option, and that there was no consideration therefor except the stipulations of the writing, it would nevertheless constitute a continuing offer which would become a binding contract upon acceptance. Under the provisions of the contract acceptance by Bendert would result from his failure to give notice of his rejection of the option within the 30 days.

As there is no evidence before us to show that Bendert withdrew his offer within the 30 days, and the trial court found that Hansen did not give notice of his withdrawal, we are not called upon to decide whether the writing gave Bendert a right to withdraw before acceptance by Hansen. Without proof of such withdrawal the writing became susceptible of enforcement by specific performance. Pomeroy's Equitable Remedies, §§ 2191-2195, inclusive; 29 Am. & Eng. Encyclopedia of Law (2d Ed.) p. 601; Smith v. Bangham, 156 Cal. 359, 104 P. 689, 28 L. R. A. (N. S.) 522; Beddow v. Flage, 22 N. D. 53, 132 N. W. 637; Benson v. Shotwell, 87 Cal. 49, 25 P. 249; Warvelle on Vendors (2d Ed.) § 125; Donahue v. Potter & George Co., 63 Neb. 128, 88 N. W. 171; Horgan v. Russell, 24 N. D. 490, 140 N. W. 99, 43 L. R. A. (N. S.) 1150; Libby v. Parry, 98 Minn. 366, 108 N. W. 299.

The record discloses no reversible error, and the judgment appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.