FRANK AMMON v. W. A. WHITE BROKERAGE COMPANY.[1]

March 13, 1931.

No. 28,257.

*Daggett & Redlund,* for appellant.
*Tryon & Everett,* for respondent.

STONE, J.

The trial of this case without a jury resulted in a decision for defendant. Plaintiff appeals from the order denying his motion for amended findings or a new trial.

Plaintiff is engaged at St. Paul in the wholesale fruit and vegetable business as an independent broker. In July, 1927, he pur-

[1]Reported in 235 N. W. 533.

chased a carload of cucumbers shipped from Chicago by the John A. Eck Company. The car arrived at St. Paul with the contents seriously deteriorated. Defendant, another St. Paul fruit and vegetable broker, through whom the purchase was made, had in the meantime advanced to the Eck Company the net price of the cucumbers. Plaintiff declining to pay, defendant filed a claim with the commissioner of agriculture, who, after a hearing, held for defendant. Plaintiff complied with the resulting order and under protest reimbursed defendant for its advance of $1,361.75 to the Eck Company. The purpose of this action is to recover that sum, plaintiff's claim being that defendant itself was the seller instead of being merely the broker through whom the purchase was made from the Eck Company. That is the sole issue, and the finding determinative thereof below was "that on the 25th day of July, 1927, defendant at plaintiff's request and acting as a broker purchased for plaintiff of John A. Eck Company" the carload of cucumbers.

The transaction was negotiated largely by long distance telephone between St. Paul and Chicago. One of defendant's witnesses was a Mr. McFaddin, who in July, 1927, was employed by it in Chicago. He testifies to telephone conversations with plaintiff which resulted in the latter's purchase. His testimony, believed below, is in substance that plaintiff purchased and knew that he was purchasing from the Eck Company rather than defendant, and that the latter was only a broker and nothing more. He testifies that he told plaintiff himself that the Eck Company had the car for sale, what their price was, and, that being agreed upon after another interview with the Eck Company, he again called plaintiff and concluded the transaction; thereupon arranging, upon plaintiff's direction, to have the car, then on track at Chicago, diverted to plaintiff at St. Paul.

Another bit of evidence is the "Brokers Standard Memorandum of Sale" furnished under date of July 25, over the signature of "W. A. White Brokerage Company, Broker" to plaintiff. That memorandum shows a sale to plaintiff "for account of John A.

Eck Co. Chicago, Ill." The memorandum is prefaced in type bolder than the rest by this language:

"When the terms of sale have been agreed upon the broker shall fill out this Standard Memorandum of Sale in triplicate, sending one copy to the seller, one to the buyer and retaining the third copy for his own file. Unless the seller or the buyer makes immediate objection upon receipt of his copy * * * showing that contract was made contrary to authority given the Broker, he shall be conclusively presumed to agree that the terms of sale as set forth herein are fully and correctly stated."

The record does not make it appear that plaintiff ever questioned, at least until after controversy arose later, the correctness of the memorandum of sale furnished him at the time.

The evidence sufficiently supports the determinative finding that defendant functioned as a broker in the strict sense, a middleman and nothing more, so as to bring itself within the rule that a broker who acts for a disclosed principal is not liable for a breach of the resulting contract. The principal only is bound. 9 C. J. 675; Paull v: Columbian Nat. F. Ins. Co. 171 Minn. 118, 213 N. W. 539; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 217.

The view thus taken of the record and the resulting conclusion that the important finding cannot be disturbed make it unnecessary to examine other points made in argument. We need not consider the statute (1 Mason, 1927, § 6240-13) making the order of the commissioner of agriculture a prima facie case for defendant. The whole issue was tried de novo upon the merits and all the original evidence. For the reasons stated the decision cannot be disturbed.

Order affirmed.