FIRESTONE TIRE & RUBBER COMPANY v. ARMIN A. (ALSO KNOWN AS ROBERT) ROBINSON.[1]

February 20, 1948.

No. 34,565.

---

[1] Reported in 31 N. W. (2d) 18.

*Maurice L. Halpern* and *Irvin E. Schermer,* for appellant.
*Fred K. Gage,* for respondent.

MAGNEY, JUSTICE.

Plaintiff appeals from an order denying its alternative motion for judgment or a new trial.

Plaintiff in its complaint seeks recovery of $105, claiming that defendant is indebted to it in that sum for goods sold and delivered by it to defendant at his request. In his answer, defendant sets out that on or about June 17, 1946, he ordered "by telephone conversation" three tires to be delivered to him at the plant of the Minnesota Poultry & Egg Company, where defendant was stationed as a government inspector. He further pleads that the tires were delivered to the above company, to which they were billed; that plaintiff's agent, upon delivery of the tires, accepted from the poultry company its check in payment therefor and executed and delivered to that company a receipted bill; and that thereupon defendant, relying upon the said receipt, paid the poultry company $105. Except as above, defendant denied the allegations of the complaint. In its reply, plaintiff alleges that the check given it by the poultry company was returned because of insufficient funds, and that therefore the check did not constitute payment.

As will appear, the pleadings and the testimony have little in common. On June 17, 1946, John Howard, the manager of plaintiff, and defendant had a telephone conversation, which Howard, on direct examination, states was as follows:

"Mr. Robinson called me over the telephone and ordered for a friend of his. I believe this gentleman was located in Sleepy Eye— ordered these tires for him, two truck tires 700 by 20, 10 ply. * * * and one 650 by 16, 4 ply Firestone tire. I took this order over the telephone recognizing Bob Robinson's voice, and he also told me who he was."

On cross-examination, Howard testified that defendant told him that he was ordering the tires for a Mr. Peale of Sleepy Eye; that he (Howard) definitely knew at that time that defendant was not ordering them for himself; that defendant had no equipment upon which he could use the tires. Howard also testified that he was told by defendant at the time the tires were ordered that he, defendant, had Peale's check with him, but he was not told to whom it had been issued. In the course of the telephone conversation, defendant, according to Howard, said that he was using the Minnesota Poultry & Egg Company name, as he wanted that company's fleet discount.

The tires were delivered to the poultry company's plant the afternoon of June 17. Plaintiff's driver accepted the poultry company's check in payment and marked the bill "paid." The poultry company's fleet discount was given. The next day defendant gave Peale's check to the poultry company and later took the tires down to Peale. The check given by the poultry company was returned by the bank to plaintiff because of insufficient funds. Peale's check was deposited by the poultry company to its credit. A few days later, the poultry company filed a petition in bankruptcy. Plaintiff then brought this action against defendant. On the above facts, the trial court directed a verdict for defendant.

It is plain that plaintiff failed to prove the cause of action set out in its complaint. The testimony produced by plaintiff itself discloses clearly that defendant is not the real party in interest; that the tires were not sold to defendant. At the time the tires were ordered, plaintiff's manager, as he himself testified, was informed by defendant that the tires were being ordered for a Mr. Peale of Sleepy Eye. Thus we have a situation where the tires were ordered by an agent for a disclosed principal.

The rule in such a case is stated in 1 Dunnell, Dig. § 217, as follows:

"As a general rule, an agent who, acting within the scope of his authority, enters into a contract for a known principal, is not personally liable thereon."

In J. D. Moran Mfg. Co. v. Clarke, 59 Minn. 456, 457, 61 N. W. 556, 557, this court said:

"Neither does the complaint state a cause of action for personal judgment against the respondent. The only permissible construction of paragraph two (2) is that, in making the contract with plaintiff, he acted merely as agent for a disclosed principal, viz. Anna W. Clarke. This disposes of this appeal, * * *."

See, also, Matson v. Bauman, 139 Minn. 296, 166 N. W. 343; Paull v. Columbian Nat. F. Ins. Co. 171 Minn. 118, 213 N. W. 539; Ammon v. W. A. White Brokerage Co. 183 Minn. 71, 235 N. W. 533; Lamson v. Towle-Jamieson Inv. Co. 187 Minn. 368, 245 N. W. 627.

The undisputed testimony, as produced by both plaintiff and defendant, is to the effect that defendant acted only as agent for a disclosed principal. The trial court was therefore right in directing a verdict for defendant.

Order affirmed.

MR. JUSTICE JULIUS J. OLSON took no part in the consideration or decision of this case.

