# LOUISE MACKENZIE v. FRANK P. RYAN.[1]

March 17, 1950.

No. 35,011.

*John G. Bouthilet, John E. Daubney,* and *Allen L. Gray,* for appellant.

*Bundlie, Kelley, Finley & Maun* and *Mandt Torrison,* for respondent.

---

[1]Reported in 41 N. W. (2d) 878.

PETERSON, JUSTICE.

Action for personal injuries. Plaintiff appeals from the order denying her motion for a new trial after a directed verdict for defendant.

Numerous questions have been raised on the appeal, but only two, which if answered in favor of defendant would be decisive, need be discussed, viz.:

(1) Whether the clause ending with the words "personal injury sustained" in a provision in a written lease exempting the lessor from liability to the tenant for personal injury that the lessee covenants and agrees "To make no claim, and lessee hereby expressly waives any and all claims against said lessor for or on account of any personal injury sustained, or any loss or damage to property, caused by fire, water, deluge or overflow, or explosion, howsoever arising or caused or being within said premises; or for loss of any articles by theft or from any cause, from said premises or building," is modified by the other portions thereof beginning with the words "or any loss or damage to property, caused by fire"; and

(2) Whether a clause in a lease, executed by the lessee named therein as agent on behalf of two principals not so named, exempting the lessor from liability to the "lessee" for personal injury sustained operates to exempt the lessor from such liability to one of the principals of the named lessee.

On August 14, 1947, defendant let a third-floor apartment under a written lease in which he was named as lessor and Jane Gleim, plaintiff's sister, was named as lessee. The lease was executed by Jane as agent of and on behalf of plaintiff and another sister. The lease contained the clause quoted in the first question stated above. By its terms, the "lessee" covenanted and agreed to make no claim and to waive all claims against the "lessor" for or on account of any personal injury sustained.

On the evening of November 18, 1947, plaintiff, while venturing into a dark room to ascend some stairs adjacent and at a right angle to a stairway to enter another room, made a misstep, causing

her to fall down the stairway. As a consequence of the fall she was severely injured. She alleges that the fall was caused by defendant's negligence in failing to repair a light in the room in which the stairs were situated, as he had promised to do prior to and at the time of and subsequent to the execution of the lease, with the consequence that the room was dark and she missed the step.

In addition to the two questions stated above, other questions have been raised, such as whether defendant was negligent and whether plaintiff was contributorily negligent. The presentation here has proceeded upon the assumption that, if the clause exempting the lessor from liability to the lessee for personal injuries were construed in accordance with defendant's contention, it would operate to exempt defendant from liability for even his own negligence.[2] If decision of the two questions stated above should be in favor of defendant, he would be entitled to prevail, and it would not then be necessary to discuss the others.

■ The clause in question should be construed in accordance with defendant's contention. The language in the clauses subsequent to the words "personal injury sustained" is such as is ordinarily used in connection with liability for loss of or damage to property, but not for personal injury. Here, they are used in connection with liability for loss of and damage to property. Because such words are ordinarily used in connection with loss of or damage to property, they ordinarily carry a connotation of such loss or damage. The words "being within said premises" clearly refer to property, and, since they are used in connection with the others mentioned, they give meaning to them and show that property was the subject matter of the language in question. On the contrary, the expressions in question are not ordinarily used in connection with liability for personal injury. To speak of personal injuries as sustained by "deluge or overflow" would be unusual, to say the least. We there-

---

[2]See, Pettit Grain & Potato Co. v. N. P. Ry. Co. 227 Minn. 225, 35 N. W. (2d) 127; N. P. Ry. Co. v. Thornton Bros. Co. 206 Minn. 193, 288 N. W. 226; Weirick v. Hamm Realty Co. 179 Minn. 25, 228 N. W. 175; Annotation, 175 A. L. R. 83; 22 Minn. L. Rev. 107.

fore hold that the lessor's exemption from liability to the lessee for personal injuries sustained is not qualified and limited as claimed by plaintiff, but is general and unrestricted.

2. While Jane Gleim was named in the lease as lessee, she took the lease as the agent of plaintiff and her sister. The legal effect of the transaction was that plaintiff, although not named as a lessee, was in reality such. An act of an agent authorized by his principal is the act of the principal. Weide v. Porter, 22 Minn. 429; 1 Dunnell, Dig. & Supp. § 209. Under the circumstances, because Jane was acting for plaintiff and her sister as known principals, plaintiff and her sister were liable as lessees and Jane was not. An agent acting within the scope of his authority for a known principal incurs no personal liability. J. D. Moran Mfg. Co. v. Clarke, 59 Minn. 456, 61 N. W. 556; 1 Dunnell, Dig. & Supp. § 217; 2 Am. Jur., Agency, § 315. Hence, the clause in the lease exempting the landlord from liability to the lessee for personal injuries operated to exempt the lessor from such liability to plaintiff as a known principal of the lessee named in the lease acting as her agent.

Since defendant is exempted by the lease from liability for plaintiff's injuries, the order appealed from should be affirmed.

Affirmed.

MR. CHIEF JUSTICE LORING took no part in the consideration or decision of this case.